No. 36,996

Margaret Jones Brewington, *Appellee*, v. The Western Union Telegraph Company, *Appellant*.

(183 P. 2d 872)

Leland M. Resler, judge. Opinion filed August 9, 1947.

*A. Staneart Graham,* of Pittsburg, argued the cause and was on the briefs for the appellant.

*Sylvan Bruner* and *Morris Matuska,* both of Pittsburg, argued the cause, and *Pete Farabi,* of Pittsburg, was with them on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted in the district court pursuant to the provisions of G. S. 1945 Supp. 44-512a to recover workmen's compensation alleged to be due from the employer under a previous award. Defendant appeals from the order overruling its demurrer to the petition.

The petition, in substance, alleged:

On January 17, 1946, the district court of Crawford county rendered a judgment in favor of the plaintiff and against the defendant, The Western Union Telegraph Company, a corporation, for compensation for an accidental injury sustained by plaintiff while working for defendant; the compensation recovered was for a period of not to exceed 415 weeks at the rate of $9 per week; it was further ordered that defendant pay plaintiff the sum of $477 in one lump sum and that the balance of compensation be paid at the rate of $9 per week until fully paid or until the further order of the district court or the workmen's compensation commissioner of the state of Kansas; defendant did not appeal from that judgment and it has become final; thereafter and on or about June 3, 1946, defendant filed an application for review and modification of the judgment before the commissioner; after hearings on the application for review and modification the commissioner on January 7, 1947, made an order and award terminating plaintiff's compensation as of that date; the order and award of the commissioner is an appealable order and award and is not a final adjudication of defendant's motion for review and modification; on January 10, 1947, plaintiff appealed from the ruling and award of the commissioner to the district court; that appeal is pending at this time; the defendant paid compensation to plaintiff to January 7, 1947.

The petition, in substance, further alleged:

On or about January 20, 1947, defendant was served by registered mail with a written demand for payment of the unpaid installments of compensation awarded and adjudged to the plaintiff by the district court on January 17, 1946; the demand was for compensation then due and accumulated; the demand was ignored and

no payment was made for a period in excess of two weeks from the date of the demand; there is due in unpaid installments the sum of $2,793.

The former judgment, referred to in the petition, was rendered in favor of Margaret Arvilla Jones, who has remarried and whose name is now Margaret Jones Brewington, the plaintiff-appellee in this action.

The demurrer to the petition was on the following grounds:

"1. The court has no jurisdiction of the subject of the action.

"2. There is another action pending between the same parties for the same cause.

"3. That the petition does not state facts sufficient to constitute a cause of action for the said plaintiff against the said defendant."

The pertinent portion of G. S. 1945 Supp. 44-512a provides:

"That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same, payment of said demand is thereafter either refused or not made within two weeks from the date of service of said demand, then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt.".

In order for appellee to prevail it was, of course, necessary that compensation be due and payable at the time she made her demand therefor pursuant to the foregoing statute. Her petition concedes the commissioner had previously terminated all compensation and that the district court had not reviewed the record on appeal from such ruling and had not reversed the new award of the commissioner. Counsel for appellee contend compensation was nevertheless due. In harmony with their customary adroitness they argue that notwithstanding the new award of the commissioner, unchanged by appeal, the previous award of the district court, unappealed from, remained in full force and effect until the district court reviewed the new award of the commissioner. In other words, this action is predicated squarely on the provisions of the former judgment of the district court.

Appellant concedes no appeal was taken from the former judgment of the district court and that all parties are bound by its

provisions. It, however, denies the award of the district court remains in full force and effect until the district court reviews the new award of the commissioner made on the hearing for a review and modification of the award of the district court. Appellant contends the judgment of the district court was by express terms limited in its duration as follows:

". . . until *fully paid or* until the further order of this Court *or the Workmen's Compensation Commissioner of the State of Kansas*." (Our italics.)

as affirmatively disclosed in the petition of appellee.

Appellant, in substance, contends appellee cannot accept the benefits of one portion of the judgment of the district court, which provides compensation shall be paid at the rate of $9 per week, and repudiate the other portion of the same judgment which expressly limits the period over which such payments shall be made. In that view we concur. The judgment of the district court, in the absence of an appeal by either party, bound both parties with respect to all of its provisions.

We, however, believe it is unnecessary to stress the binding effect of the judgment of the district court which limits the payment of $9 per week until further order of the workmen's compensation commissioner. Appellee concedes that part of the judgment conforms to the existing law on the subject. Both parties, at any time before final payment of the award, had the right, upon a proper application, to obtain a review before the compensation commissioner for the purpose of having the old award modified. The pertinent provisions of G. S. 1945 Supp. 44-528 read:

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the commissioner upon good cause shown upon the application of either party and in connection with such review the commissioner may appoint a physician or surgeon, or two physicians or surgeons to examine the workman and report to the commissioner and the commissioner shall hear all competent evidence offered and if he shall find that the award has been obtained by fraud or undue influence, or that the committee, or arbitrator, making the award acted without authority, or was guilty of serious misconduct, or that the award is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commissioner *may modify such award upon such terms as may be just by increasing or diminishing the compensation* subject to the limitations hereinbefore provided in this act. . . ." (Our italics.)

The purpose of this statute has been considered on many occa-

sions as reflected by the numerous decisions collected thereunder. Its purpose, as expressly stated in the statute, is to permit the commissioner to "modify such award upon such terms as may be just. . ." in order to conform to changed conditions.

The modification of the award of the district court by the commissioner is in no sense a review of the former judgment of the district court. The modification authorized is based on the existence of new facts, a changed condition of the workman's capacity, which renders the former award either excessive or inadequate. Manifestly, it was not intended the old award of the district court should continue to be operative after the new award of the commissioner, based on the changed condition of the workman, was made. That is precisely what the statute for review and modification was intended to remedy in the interest of justice to all parties. The compensation law provides its own full, complete and exclusive procedure. (*Duncan v. Perry Packing Co.*, 162 Kan. 79, 174 P. 2d 78.) It makes no provision for the enforcement of a former award after it has been modified in conformity with statutory procedure. The only remedy provided is by appeal to the district court and from the district court to the supreme court. (G. S. 1935, 44-556.) Courts are without power to add new and different remedies.

If appellant as a result of this action is obliged to pay compensation under the former award of the district court and the district court adopts the last award of the commissioner, appellant will be obliged to endeavor to recover back what it has been unjustly required to pay to appellee under the old award of the district court. We find no authorization for such procedure under the compensation act.

The award of the commissioner under the review and modification statute constituted a new award. (*Stevens v. Kelly-Carter Coal Co.*, 140 Kan. 441, 443, 37 P. 2d 48.) Being a new award, based on an entirely different record, there can be no enforcement of the old award thereafter. Unappealed from, the new award of the commissioner becomes a finality and is binding on all the parties. (*Dobson v. Apex Coal Co.*, 150 Kan. 80, 91 P. 2d 5.) In the instant case there was an appeal by the workman to the district court which appeal is now pending. The mere fact, however, that an appeal was perfected from the new award could not operate to reinstate the former award of the district court. That appeal presents to the district court an entirely new and different record from

the one previously presented to it. The new record reflects the changed condition in the workman from that which existed when the district court rendered its first award. The district court could affirm the new award or could allow compensation in accordance with what it believed the changed condition of the workman required. In no event, however, could the former judgment of the district court, based upon a wholly different record, constitute an enforceable award after it was modified pursuant to statute to meet the changed condition of the workman.

To permit the former award of the district court to be enforced after it was modified in accordance with express statutory procedure would result in confusion and would defeat the very purpose of the wholesome provision for review and modification. The workmen's compensation act provides for compensation during incapacity, and the implication is that compensation should cease when incapacity ends. (*Gorrell v. Battelle,* 93 Kan. 370, 144 Pac. 244; *Dobson v. Apex Coal Co.,* supra.) Until the new award of the commissioner, in the instant case, is altered by the district court on appeal no compensation is due.

The instant action to recover compensation alleged to be due was instituted after the new award was made by the commissioner. That award terminated all compensation. At the time appellee made a demand for the payment of compensation there was no compensation due. The third ground of the demurrer should have been sustained. The other grounds need not be treated.

Counsel for appellee raise the question whether a modified award by the commissioner allowing some compensation would be enforceable prior to a review of the award by the district court. In fairness to counsel it should be said they recognize that is not the question presented by the demurrer to the instant petition. Such a case would present some problems quite different from those involved in this case and we prefer to express no views thereon. It may, however, be well to observe that under such circumstances there would have been some compensation allowed by the new award and also that it would not constitute an attempt, as here, to enforce a former award of the district court subsequently modified.

The order overruling the demurrer to the petition is reversed.

SMITH, J., dissents.