No. 46,656

WILLIAM L. BROWN, *Appellee*, v. GOODYEAR TIRE AND RUBBER COMPANY OF KANSAS, INC., and AETNA CASUALTY AND SURETY COMPANY, *Appellants*.

(508 P. 2d 492)

Opinion filed April 7, 1973.

*James E. Benfer, Jr.,* of Fisher and Benfer, of Topeka, argued the cause, and *David L. McLane,* of the same firm, was with him on the brief for the appellants.

*George E. McCullough,* of McCullough, Parker, Wareheim and LaBunker, of Topeka, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a workmen's compensation case. The facts are not in dispute. The appellee William L. Brown, who will be referred to as claimant, was an employee of the appellant, Goodyear Tire and Rubber Company of Kansas, Inc. Appellant Aetna Casualty and Surety Company, was the insurance carrier for Goodyear. The claimant was injured by accident in the course of his employment, suffering injuries to his right shoulder, chest and back. Following release from temporary total disability, claimant returned to work at the same wage without loss in pay. He did not return to work on the open labor market. Upon return he had difficulty in performing his duties as he was bothered with pain in his shoulder and numbness in two fingers on his right hand which interfered with his work. He was paid the same wage even though he did his work under these handicaps. Goodyear's union contract so required.

The workmen's compensation examiner found that claimant suf-

fered a 15% temporary partial disability following his period of temporary total disability but ruled that because he was receiving the same wages at his regular job as before he was injured, he was not entitled to payment of workmen's compensation for the temporary partial disability suffered by him. In reaching this conclusion the examiner relied upon K. S. A. 1971 Supp. 44-510c (b). The director affirmed this decision and claimant appealed to the district court. The district court found as a matter of law that the director had erred and that the claimant should be paid compensation for his temporary partial disability notwithstanding he had returned to work and was receiving the same wages he received before his injury. The judgment of the district court was entered October 12, 1971. Goodyear and its insurance carrier appealed to this court by notice of appeal filed October 21, 1971. On January 4, 1972, the record on appeal was filed with the clerk of the supreme court and the case was docketed. On January 5, 1972, Goodyear and its insurance carrier filed an application with the director for a review and modification of the award pursuant to K. S. A. 1971 Supp. 44-528. Goodyear and Aetna had the claimant examined, took the doctor's deposition and alleged that the claimant was now ready for a permanent disability rating. On October 4, 1972, after a hearing, the examiner entered an order modifying the award in accordance with Goodyear's application. The claimant was given a permanent partial disability rating of 10% and compensation was awarded claimant based thereon. Following this on October 6, 1972, the claimant applied for a director's review pursuant to K. S. A. 1971 Supp. 44-551. On November 13, 1972, the workmen's compensation director denied the claimant's application for review and sustained the award as modified by the examiner. On November 16, 1972, the claimant appealed this order of the director to the Shawnee county district court where such appeal is presently pending. It is undisputed that after the original award of 15% temporary partial disability was entered, Goodyear and its insurance carrier made workmen's compensation payments in accordance therewith. These payments covered the entire period until the new award based on a 10% permanent partial disability was entered by the examiner on October 4, 1972.

On February 29, 1972, the claimant filed his motion to dismiss this appeal from the original award allowing temporary partial disability. Since the motion to dismiss raises a question as to the propriety of this court determining the issue involved on the appeal,

we must, of necessity, consider and determine the motion to dismiss before taking up the merits of the issue raised on the appeal.

We have concluded that the motion to dismiss the appeal should be sustained. On a number of occasions we have held in workmen's compensation cases that this court will not review a case on its merits where a judgment of reversal would be wholly ineffectual. (*Griffith v. State Highway Commission,* 203 Kan. 656, 456 P. 2d 32; *Ellis v. Kroger Grocery Co.,* 159 Kan. 226, 152 P. 2d 869.) From the undisputed facts and circumstances presented here, we find that this appeal has become moot because of the fact that the original award appealed from has been modified and superseded by the award of the workmen's compensation examiner entered October 4, 1972, based upon a finding that the claimant suffered a 10% permanent partial disability.

In *Brewington v. Western Union,* 163 Kan. 534, 183 P. 2d 872, we held that an award of compensation made pursuant to the provisions of K. S. A. 44-528, providing for a review and modification of a former award, constitutes a new award. It is in no sense a review of the former award. In *Brewington* we pointed out that the purpose of 44-528 is to provide a means of increasing, decreasing or canceling compensation in accordance with the changed condition of the workman as justice requires. The compensation act provides its own complete and exclusive procedure. It makes no provision for the enforcement of a former award after it has been modified by the director in conformity with the statutory procedure. for review and modification. In *Brewington* we also stated that the mere fact that an appeal had been perfected from the new award, which appeal was then pending in the district court, did not operate to reinstate the former award. The appeal from the new award presents to the district court an entirely new and different record from the record presented at the time the original award was made. The new record reflects the changed condition in the workman from that which existed when the original award was rendered. On appeal the district court can affirm the new award or can allow compensation in accordance with what it believes the changed condition of the workman requires. In *Brewington* we emphasized that to permit the former workmen's compensation award to be enforced after it has been modified in accordance with express statutory procedure would result in confusion and would defeat the very purpose of the wholesome provision for review and modification under K. S. A. 44-528.

In *Ratzlaff v. Friedeman Service Store*, 200 Kan. 430, 436 P. 2d 389, we cited *Brewington* and held that an award under 44-528 modifying an earlier award of workmen's compensation is an entirely new award separate and distinct from the one it modifies. We further held that generally the same legal principles controlling an initial award of compensation are applicable to an award under the modification and review statute and that in a proceeding under 44-528, in making an award of compensation, credit may be given to the employer for the amount paid by him to the employee pursuant to the initial award being modified.

When we turn to the factual circumstances presented in the case at bar it is obvious to us that a judgment determining the correctness of the original award would be wholly ineffectual and without any practical legal effect. The original award of temporary partial disability has no legal efficacy and under the decisions cited above can no longer be enforced. Any payments which Goodyear and its insurance carrier have made under the original award cannot be "recovered back". (*Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001.) Furthermore when the new award of permanent partial disability was entered by the examiner on October 4, 1972, no payments thereafter could become due under the original award. The rights of the parties are to be determined by the new award. Goodyear and its insurance carrier are afforded a complete and adequate remedy in the appeal now pending in the district court of Shawnee county taken by the claimant from the modified award entered on October 4, 1972. In that appeal the district court may consider the new record and may affirm the new award or may allow compensation in accordance with what it believes the changed condition of the workman requires.

The issue here having become moot the appeal must be, and is, dismissed.