Falcone v. Hamilton Coal & Mercantile Co.

---

No. 27,199.

FRANK FALCONE, *Appellee*, v. THE HAMILTON COAL AND MERCANTILE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION—*Review of Judgment—Questions Reviewable.* The statute providing that a judgment for periodical payments under the workmen's compensation act "may be reviewed . . . upon application of either party and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review," does not authorize a relitigation of the question whether the plaintiff's injuries were incurred under such circumstances as to make the defendant liable.

Appeal from Cherokee district court; FRANK W. Boss, judge. Opinion filed December 11, 1926. Affirmed.

*E. H. Henning* and *A. M. Etchen,* both of Kansas City, for the appellant.

*A. L. Majors, Charles Stephens, Frank E. Dresia* and *Hubert Horning,* all of Columbus, for the appellee.

Workmen's Compensation Acts, C. J. p. 132 n. 76; L. R. A. 1916A, 147, 163; L. R. A. 1917D, 186; 28 R. C. L. 823.

The opinion of the court was delivered by

MASON, J.:  Frank Falcone claimed to have been injured while in the employ of the Hamilton Coal and Mercantile Company under such circumstances as to entitle him to payment under the workmen's compensation act.  Arbitration being refused he brought action against the company on March 18, 1925, and obtained a judgment for $426 payable at once, and for periodical payments amounting to $12 a week until a total of $4,794 should have been received.  On January 14, 1926, the defendant made application to the district court for a review of the judgment upon the grounds that it was obtained by fraud, undue influence and serious misconduct on the part of the plaintiff, and was grossly excessive, and that the plaintiff's disability had ceased.  Evidence was taken and the application was refused.  The defendant appeals from that ruling.

The defendant produced three witnesses, the plaintiff none.  The trial court made this statement in explanation of the decision:

"The court further finds that the evidence introduced on the hearing of defendant's petition to review and modify shows that the plaintiff is not now suffering from any injury which arose out of and in the course of his employment in the defendant's mine, but the court also finds that the witnesses base their testimony upon their opinion that the plaintiff never in fact did have any injury which arose out of and in the course of his said employment.  The court is of the opinion that this question was settled by the findings of the jury; and there being no evidence upon which the court can base a finding that the plaintiff's disability has ceased or diminished, the court is of the opinion that the petition to review and modify should be overruled."

The case turns upon the interpretation of the statute relating to the review of a judgment, which reads:

".  .  .  Such judgment [one ordering periodical payments] may be reviewed at any time after the expiration of six months upon application of either party and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review." (R. S. 44-534.)

We think it clear the intention of the statute is not to permit a general review of the judgment or a reëxamination of the questions of present fact determined at the trial, but to provide for a change in the amount allowed.  The plaintiff in the original proceeding pleaded permanent partial disability due to impaired vision.  The defendant's answer, while denying the existence of such impairment and others, alleged that if they existed they were due to causes other

Falcone v. Hamilton Coal & Mercantile Co.

than and independent of any injury sustained by the plaintiff while in its employ. This issue was tried out and cannot be reëxamined by the method here invoked.

Awards by a committee or arbitrator and judgments of a court were both made subject to review by additions made in 1917 to the workmen's compensation act (R. S. 44-528, 44-534), although before that time an award might be canceled on grounds similar to those on which a modification may be now made. (Laws of 1911, ch. 218, § 29.) The defendant's application for review, by referring to fraud, undue influence and serious misconduct, seems to assume that the provisions of the amendment concerning the review of awards are to be read into that relating to the review of judgments. Whether such is the case need not now be determined. The two additions to the statute have this in common, that their purpose is the same so far as relates to changes in the amounts allowed—a purpose to conform the allowance to existing conditions, and not to relitigate the question of liability. Of the statute relating to the successive review of awards it has been said:

"Whether the award was procured by fraud or undue influence, and whether the arbitrator acted without authority or was guilty of serious misconduct, depends on past facts which the future may not change, and is determinable once for all. There is no element of prophecy in the determination, and in such cases successive reviews are not permitted. The principle was recognized in the case of *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999, and 114 Kan. 440, 219 Pac. 278." (*Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 248, 237 Pac. 1056.)

The finding of the trial court in the present case, already quoted, clearly establishes that the evidence introduced by the defendant tended to show, not that the plaintiff's injury had been overestimated at the time of the trial, or that his condition had improved, but that the injury was not received under such circumstances as to make the defendant liable. That issue could not be reopened by invoking the statute relating to the review of judgments.

The judgment is affirmed.