No. 41,461

DOUGLAS WAYNE SMITH, (Claimant), *Appellant,* v. PERRY JONES, INC., (Respondent), and ALLIED MUTUAL CASUALTY CO., (Insurance Carrier), *Appellees.*

(345 P. 2d 640)

Opinion filed November 7, 1959.

*Walter N. Scott,* of Topeka, argued the cause, and *Robert L. Kimbrough, George E. McCullough, William L. Parker, Jr.,* and *Floyd E. Gehrt,* all of Topeka, were with him on the briefs for the appellant.

*James E. Benfer,* of Topeka, argued the cause, and *Harold E. Doherty,* of Topeka, was with him on the brief for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is a workmen's compensation case in which the Commissioner during a review and modification proceeding

granted claimant a modified award. Upon appeal to the district court by the respondent and insurance carrier such modified award was denied and claimant appeals.

The following detailed statement is required in order to insure a proper understanding of the appellate issues involved.

During the month of October, 1956, Douglas Wayne Smith received injuries arising out of and in the course of his employment by Perry Jones, Inc. The claim was originally heard in March, 1957, before the Commissioner in which the claimant sought an award based upon the injuries sustained. In June, 1957, the Commissioner granted an award and ordered compensation paid at the rate of $32.per week, such amount not to exceed 415 weeks and also granted a sum of $2,500 for medical expenses. Upon appeal to the district court and on September 25, 1957, judgment was rendered affirming the Commissioner's rulings and award with the proviso that any future compensation would be subject to review and modification.

On September 27, 1957, the respondent and the insurance carrier filed an application for review and modification with the Commissioner. In substance the application alleged that the claimant had returned to full time employment; that the award was excessive and that the amount awarded claimant should be set aside and total compensation due determined. During the hearing on this application the parties stipulated that claimant had been paid 45 weeks compensation amounting to $1,440. At the close of such hearing, the Commissioner made certain findings. Those here important read:

"In addition to the stipulations of the parties, the Commissioner finds that: (1) the claimant returned to gainful employment and was released by the doctor on July 9, 1957, which ended his temporary total disability; (2) that after July 9, 1957, the claimant, as a result of his accidental injury sustained on October 17, 1956, suffered a permanent partial disability of 20 per cent, payable at the rate of $12.70 per week for a period not to exceed a total of 415 weeks. Compensation now due and owing for 24 weeks of compensable temporary total from January 22, 1957, to July 9, 1957, in the sum of $1301.40 and 42 weeks of permanent partial at $12.70 per week to April 29, 1958, credit to be given on future compensation in the sum of $125.90 which has been paid. The balance of the compensation awarded should be paid at the rate of $12.70 per week until this award is fully paid, or until the further order of the Commissioner. . . ."

The Commissioner's order which, together with the findings,

stipulation and summary of evidence was filed May 2, 1958, reads in part:

"The award of June 13, 1957, is hereby modified in favor of the claimant, Douglas Wayne Smith, and against the respondent, Perry Jones, Inc., and the insurance carrier, Allied Mutual Casualty Company, for 24 compensable weeks of temporary total disability at $32 per week, followed by a 20 per cent permanent partial general disability with not to exceed the remaining 391 weeks at the rate of $12.70 per week, subject to review and modification as provided by law. Compensation heretofore paid in the sum of $1440 is to be deducted from the total due and owing the claimant. The balance of the compensation awarded herein is ordered paid at the rate of $12.70 per week until fully paid or until the further order of the Commissioner."

On May 5, 1958, the respondent and the insurance carrier perfected an appeal to the district court, specifying as error the modified award as promulgated by the Commissioner.

Thereafter and following a hearing in conformity with G. S. 1957 Supp., 44-556, that tribunal announced its findings and decision and entered judgment in accord therewith.. All of these are incorporated in the journal entry of judgment. So far as here pertinent that instrument, which is approved by counsel for the parties, reads:

"This is the second time that this case has been before the Court and this appeal results from a decision made by the Workmen's Compensation Commissioner after a petition for re-examination and review had been heard.

"I have carefully examined the evidence given before the Workmen's Compensation Commissioner and after consideration of all of it I have concluded that the petitioner and plaintiff in this case is not entitled to any more compensation at all. I cannot believe that it is proper for a workman to draw full compensation benefits and still work on a job and draw full pay.

"IT IS THEREFORE . .. . ADJUDGED AND DECREED that the Award of the Workmen's Compensation Commissioner be set aside and a further award for future compensation be denied. . . ."

Thereupon the claimant perfected the instant appeal.

In approaching what the court has determined is the all decisive question involved in this appeal it may be conceded at the outset that the rule in this jurisdiction, so often repeated as to hardly require reference to our decisions, is that it is the function of the trial court to pass upon the facts in a compensation case and that under G. S. 1957 Supp., 44-556, this Court is limited on appellate review to "questions of law" which, ordinarily in the final analysis, simply means that its duty is to determine whether the trial court's factual findings are supported by any substantial competent evidence. And added that, in applying this rule, we have expressly held that the existence, the extent, and the duration of an injured

workman's incapacity is a question of fact for the trial court to determine. For comparatively recent decisions of like import see *Alexander v. Chrysler Motor Parts Corp.*, 167 Kan. 711, 714, 207 P. 2d 1179; *Daugherty v. National Gypsum Co.*, 182 Kan. 197, 204, 318 P. 2d 1012; and decisions there cited. For other decisions so numerous that they should not be here cited, where the rule is stated and applied to questions of fact different than the one herein above indicated see West's Kansas Digest, Workmen's Compensation, §§ 1939, 1940 & 1969.

Notwithstanding the foregoing rule it does not follow that this court's jurisdiction in compensation cases to review questions of law is limited to a review of whether the trial court's factual findings are supported by any substantial competent evidence. This is particularly true where it appears the findings are based on a pure question of law. In that situation the state of the evidence is of no consequence and the question of law presented on appellate review is whether the basic premise on which the trial court founded the findings was erroneous or proper as a matter of law.

In the face of the record presented of the evidence taken before the Commissioner at the time of the hearing on the application for modification and review of the original award it appears that, notwithstanding the undisputed medical testimony adduced on behalf of both the appellant and appellees discloses the appellant had sustained permanent partial general disability as a result of the injuries he had sustained in the accident in question ranging from five to twenty per cent and, so far as we have been able to find, reveals no other substantial evidence to the contrary, the trial court concluded the appellant was not entitled to any compensation at all because it could not believe it was proper for a workman to draw full compensation benefits and still work on a job and draw full pay. It is settled that under the involved conditions and circumstances the review of an award, permitted by what is now G. S. 1957 Supp., 44-528, does not authorize a relitigation of the question whether the employee's injuries were incurred under such circumstances as to make the employer liable (*Falcone v. Hamilton Coal & Mercantile Co.*, 122 Kan. 187, 250 Pac. 1068; *Brewington v. Western Union*, 163 Kan. 534, 538, 183 P. 2d 872). Hence, we must assume the district court held (1) that, even though the undisputed evidence disclosed the appellant had sustained some permanent partial general disability as a result of the injuries received in the involved accident, he was not entitled to an award for such disability be-

cause, sometime after sustaining those injuries, he had, as disclosed by other substantial competent evidence, gone back to similar work on other jobs at a rate of pay equal to that he was receiving from appellee, Perry Jones, Inc., at the time of the accident; and (2) that, under such circumstances, he was precluded as a matter of law from drawing full pay for permanent partial general disability benefits under the Workmen's Compensation Act.

Thus we come to the all decisive question involved in this appeal. Did the trial court err in its decision wherein it held the appellant is not entitled to any more compensation at all because it did not believe it is proper for a workman to draw full compensation benefits and still work on a job and draw full pay? This question, in our opinion, presents purely a question of law which, under the provisions of G. S. 1957 Supp., 44-556, is within our jurisdiction.

Conceding there is some lack of uniformity in our reported cases touching on the point now under consideration, we believe the question just posed is answered in our recent decision of *Daugherty v. National Gypsum Co.*, 182 Kan. 197, 318 P. 2d 1012, where it is said and held:

". . . Permanent partial disability of an injured workman based upon substantial medical testimony is compensable notwithstanding he may earn as much or more after his injury in the same or other employment. The rule is based upon the fact that partial general body disability is a definite loss to the injured workman, and is a deterrent to his obtaining and retaining work in the open labor market (*Beal v. El Dorado Refining Co.*, supra [132 Kan. 666, 672, 296 Pac. 723]; *McGhee v. Sinclair Refining Co.*, supra [146 Kan. 653, 658, 659, 73 P. 2d 39]; *Rupp v. Jacobs*, supra [149 Kan. 712, 717, 88 P. 2d 1102]; *Davis v. Braun*, supra [170 Kan. 177, 183 223 P. 2d 958])." (p. 203.)

Application of the rule announced in *Daugherty v. National Gypsum Co.*, supra, to which we adhere, means the all decisive question heretofore stated must be given an affirmative answer, as appellant contends, and we so hold.

It follows the judgment must be reversed and the cause remanded for final disposition with directions to proceed in accord with the provisions of the Workmen's Compensation Act and the conclusions herein announced.

In view of such conclusions there is no occasion for discussion or disposition of other contentions advanced by appellant.

The judgment is reversed.