No. 42,435

Marion A. Taber, *Appellant*, v. William Tole, d/b/a Tole Landscape Company, and Central Surety and Insurance Corporation, *Appellees.*

(362 P. 2d 17)

Opinion filed May 13, 1961.

*Otto J. Koerner,* of Wichita, argued the cause and was on the brief for the appellant.

*R. L. White,* of Pittsburg, argued the cause, and *R. L. Letton* and *J. Curtis Nettels,* both of Pittsburg, were with him on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This is a workmen's compensation case, and the appeal is by claimant from an award made pursuant to a hearing under the review and modification statute (G. S. 1959 Supp. 44-528).

On August 2, 1955, claimant suffered a heatstroke while working as a laborer for respondent landscape company. Both the commissioner and the district court held that his injury was compensable, and the original award, dated July 24, 1956, in pertinent part, was:

". . . for total general disability for an indefinite period not to exceed 415 weeks payable at the rate of $26.40 per week, subject to review and modification as provided by law . . ."

The employer and its insurance carrier appealed, and the only question presented was whether, under the facts and circumstances shown, injury resulting from a heatstroke was compensable. This court held that it was and affirmed the award (*Taber v. Tole Landscape Co.,* 181 Kan. 616, 313 P. 2d 290).

Payments under the award were made as they became due. On May 20, 1960, claimant filed an application for review and modification under the above-mentioned statute, and also an application for a lump-sum payment of the balance due under the July, 1956,

award (G. S. 1959 Supp. 44-531). The application for review and modification stated in part:

"Comes now the claimant and respectfully makes application that the workmen's compensation award heretofore entered on the 24th day of July, 1956, be reviewed and modified from a temporary running award to a permanent partial disability, for the reason that, as the record indicates in all prior hearings, the claimant would reach maximum recovery within eighteen (18) months from the date of injury, and claimant is no better off now than he was at the date of hearing, no recovery having been made, and is therefore entitled to a permanent total disability award."

On oral argument of this appeal counsel for claimant stated that the word "partial" was inadvertently and mistakenly inserted in the application, and that the purpose of the application was to have the original award on the basis of *temporary* total disability modified and changed to *permanent* total disability. Be that as it may—and disregarding technicalities—it is apparent from the record that the hearing of July 12, 1960, was conducted by the commissioner and the parties in conformity with the procedure outlined by the review and modification statute.

Considerable evidence was introduced at that hearing, and on September 9, 1960, the commissioner filed his findings and award as follow:

"STIPULATIONS.

"The parties stipulated that the respondent and insurance carrier have supplied the claimant with professional care at an expense in excess of $2,500; that 255 weeks of compensation have been paid the claimant and that the payments on the existing award are current.

"SUMMARY OF THE EVIDENCE.

"Dr. Harold O. Bullock was called as a witness by the claimant. He testified he examined claimant on June 24, 1960, and from that examination concluded that claimant was still suffering total permanent disability by reason of weakness and atrophy of the muscles of the lower legs due to a nerve injury.

"Claimant testified that he was not able to do manual labor as he cannot be on his feet for any length of time. He testified that since the accident he has received a Bachelor's Degree from the Kansas State College at Pittsburg and will receive a Master's Degree from that institution late this summer; that he has been employed as a public school teacher at Golden City, Missouri, at a salary of $3,900.00 per year.

"Claimant further testified that he owes bills in the approximate amount of $1,000.00. He stated that by reason of the job at Golden City he will be obliged to move his family there and in addition to the furniture that he now has, he will need a stove, refrigerator and washer. He further testified that by reason of the inability to get around, he finds it necessary to have another automobile, for the one he has now is some seven years old and beyond repair.

The claimant and his wife are also expecting a child the first of the year and must anticipate the incidental expense thereto.

### "FINDINGS.

"This claim presents an interesting question of claimant having recovered his earning capacity yet having serious and permanent disability. In other words, this claim involves the definition of the meaning of 'total permanent disability.' A reading of the cases of our Supreme Court reveals that this term means the loss of ability to do gainful work as well as total loss of earning capacity. It does not mean as contended by claimant the inability to do the work claimant was doing at the time he was injured. That is to say, the meaning is much broader than claimant contends. Claimant undeniably has qualified himself as a public school teacher at a salary of $3,900.00 per year. This does not preclude the claimant, however, from partial permanent disability since disability includes both destruction of wage earning capacity and physical disability. In other words, a common sense approach recognizes the difficulties of a cripple in the labor market. Therefore, by reason of claimant's condition in his lower legs the Examiner feels and so finds that even though claimant's earning capacity has been rehabilitated he nevertheless is entitled to continue to have an award for 66⅔ percent permanent partial disability for the remaining 160 weeks.

"The Examiner further finds that the claimant in rehabilitating himself and arranging to handle this job as a public school teacher has and will become indebted in an amount equal to the amount due and owing under the award as modified by these findings and that the respondent and insurance carrier should, therefore, pay the remaining amount due in the sum of $2,814.40 to him in a lump sum forthwith, less 5 per cent as provided in 44-531 of the 1959 Supplement to the General Statutes of Kansas.

### "ORDER.

"WHEREFORE AN ORDER of compensation is hereby made that the existing award in favor of the claimant, Marion A. Taber, and against the respondent, William Tole d/b/a Tole Landscaping Co., and its insurance carrier, Central Surety and Insurance Co., be modified and the degree of disability reduced from total to 66⅔ per cent and be considered permanent in character. This amount in the sum of $2,814.40 is ordered paid the claimant in a lump sum forthwith, less 5 per cent as provided in 44-531 of the 1959 General Statutes of Kansas."

Both claimant and the employer appealed to the district court, and on November 30, 1960, the court approved and adopted the findings and award of the commissioner and entered judgment accordingly. Claimant has appealed. The employer and its insurance carrier have not cross-appealed.

One of claimant's contentions is that because of his "limited" application for review and modification, the extent of his disability—that is, the quality of totality—was not before the court. We do not agree. The review and modification statute provides that the commissioner may modify such award upon such terms as may be just

by increasing or diminishing the compensation, and, under certain circumstances, may cancel the award and end the compensation. An award of compensation made pursuant to the provisions of the review and modification statute constitutes a new award (*Brewington v. Western Union,* 163 Kan. 534, 183 P. 2d 872, syl. 5), and on appeal to the district court the same legal principles control that apply to an original hearing in a compensation case (*Jones v. Western Union Telegraph Co.,* 165 Kan. 1, 8, 192 P. 2d 141).

We do, however, believe there is merit to another contention made by claimant, which, although variously stated, points to the fact the court erred in basing its findings of 66⅔ per cent permanent partial disability on the fact claimant had secured a teaching position paying him $3,900 per year. As before stated, the court approved and adopted the findings of the commissioner, quoted above, and from those findings it is readily apparent the basis for modifying and reducing the degree of disability from total to 66⅔ per cent was the fact claimant had rehabilitated himself to the extent of obtaining an education and securing a teaching position. This, we believe, was error.

Because of the disposition being made of this appeal it is unnecessary to detail the evidence and our discussion will be confined to the point of law involved and the cases relied on by claimant for reversal.

In *Sauvain v. Battelle,* 100 Kan. 468, 471, 164 Pac. 1086, it was said that when one is totally or partially incapacitated for hard manual labor he is not to be denied compensation because he obtains employment, even at better wages, at a task which he is physically able to perform. To the same general effect is *Raffaghelle v. Russell,* 103 Kan. 849, 851, 176 Pac. 640. In *Daugherty v. National Gypsum Co.,* 182 Kan. 197, 318 P. 2d 1012, it was said that the criterion for compensation under the statute is disability of the workman resulting from personal injury by accident arising out of and in the course of his employment; that disability is the inability of the workman to perform work he was able to perform prior to his injury, and is the test by which compensation is measured; that the whole theory underlying the compensation act is that by reason of his accident the employer is required to compensate the workman for loss resulting by reason of his inability to perform the same labor he was able to perform prior to the injury, and that the rule is based upon the fact that partial general body disability is a definite loss to the

injured workman and is a deterrent to his obtaining and retaining work in the open labor market. In *Smith v. Jones,* 185 Kan. 505, 345 P. 2d 640, it was held the trial court erred in concluding that an employee was not entitled to receive any more compensation at all because it did not believe it proper for a workman to draw full compensation benefits and still work on a job and draw full pay.

While here the findings do not specifically say so "in so many words"—it is very obvious the trial court's reduction of the degree of disability from total to 66⅔ per cent was based on the fact claimant had secured the teaching position. In the Daugherty case, above, it also was said that permanent partial disability of an injured workman, based upon substantial medical testimony, is compensable notwithstanding he may earn as much or more after his injury in the same or other employment. Our conclusion is that the court placed too much emphasis on the fact claimant had secured employment in another line of work and did not fully consider the evidence relating to his inability to perform work he was able to perform prior to his injury. The judgment is therefore reversed with directions to the trial court to proceed in accord with the conclusions herein announced.

PRICE, J., dissenting: I believe this appeal has been decided incorrectly and therefore dissent.

Neither the commissioner, the trial court, the employer, nor the writer, disputes the fact claimant sustained a permanent injury and therefore is entitled to compensation notwithstanding he is now gainfully employed in another line of work. He is to be commended for not permitting himself to become a burden to his family or society because of his disability. The allowance of an award for permanent partial disability, notwithstanding an injured workman may be earning as much or more after his injury in the same or other employment, as upheld in the Daugherty case, is precisely what was done here. Compensation was not terminated—the court merely found, on substantial evidence, that claimant was 66⅔ per cent permanently partially disabled and made an award accordingly, and I think it is an unwarranted assumption to say the trial court based its reduction from total to two-thirds disability because claimant had secured remunerative employment in another field. In the very nature of things—and particularly on a hearing for review and modification—the work being performed by a claimant

at the time of the hearing, or at any other time subsequent to the injury, is evidence to be considered along with other evidence, but of course is not controlling. (*McGhee v. Sinclair Refining Co.,* 146 Kan. 653, 659, 73 P. 2d 39, 118 A. L. R. 725.)

Even in cases involving the workmen's compensation act—which is to be construed liberally in favor of an injured workman—an appeal by a claimant should not be turned into a quest for error. As applied to the facts of this case I think the reasoning and findings of the commissioner, which were approved and adopted by the trial court, were correct. The award is supported by the record and the judgment should be affirmed.