No. 45,070

Dean Ratzlaff, *Appellant*, v. Friedeman Service Store and Connecticut Fire Insurance Company, *Appellees.*

(436 P. 2d 389)

Opinion filed January 27, 1968.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner, Max E. Eberhart,* and *Jack G. Duncan,* all of Great Bend, were with him on the brief for the appellant.

*Richard C. Hite,* of Wichita, argued the cause, and *William A. Kahrs, Robert H. Nelson,* and *H. W. Fanning,* all of Wichita, and *Warren H. Kopke,* of Great Bend, were with him on the brief for the appellees.

The opinion of the court was delivered by

Harman, C.: This is a review and modification proceeding of a workmen's compensation award under K. S. A. 44-528.

Claimant-appellant initially claimed compensation for two separate accidental injuries. He alleged a neck injury occurring November 17, 1962, and a low back injury occurring February 1, 1963.

The claims were consolidated and heard together. Eventually, and on February 4, 1965, the district court found appellant had not sustained the alleged neck injury and it denied compensation therefor. However, the court found appellant had sustained the low back injury complained of, resulting in temporary total disability commencing June 28, 1963, and awarded compensation for the back injury payable at the rate of $38.00 per week.

At this juncture appellant's two different claims of injury take separate courses.

Appellant appealed from the district court's adverse finding as to his neck injury to this court.

No appeal was taken as to the back injury and the award of compensation for it became final, subject only to the statutory right of review and modification.

On April 27, 1965, the employer and its insurance carrier, appellees herein, filed their application to review and modify the award for the back injury, on the grounds the disability of appellant had diminished and the award was excessive. Appellant was served with a copy of the application on April 21, 1965. Appellees promptly produced their evidence at a hearing before the workmen's compensation examiner but final hearing on the application was delayed, apparently by agreement of the parties pending decision by this court upon appeal of the neck injury claim.

Meanwhile appellees, in conformity with the rule of the workmen's compensation director (KAR 51-19-1), had continued to pay appellant compensation at the rate of $38.00 per week as initially awarded for total temporary disability.

On November 6, 1965, this court affirmed the trial court's finding that appellant did not sustain an accidental injury to his neck (*Ratzlaff v. Friedeman Service Store*, 195 Kan. 548, 407 P. 2d 513).

The workmen's compensation examiner did not make a decision on the review application as to the back injury until October 19, 1966. We know of no reason for this further delay in the processing of the application, except only that appellant did not complete the presentation of his evidence until January 5, 1966. On October 19, 1966, the examiner sustained appellees' application, finding that appellant was temporarily totally disabled from June 28, 1963, until April 23, 1965; that as of April 23, 1965, appellant's disability had diminished to forty per cent permanent partial disability for which he was entitled to compensation commencing April 23, 1965, at the

rate of $20.50 per week for the remainder of the statutory period. The examiner computed the amount of the compensation due up to October 14, 1966, as the total sum of $5,188.50, being for ninety-five weeks of temporary total disability at the rate of $38.00 per week for the period June 28, 1963, to April 23, 1965, plus seventy-seven weeks of permanent partial disability at the rate of $20.50 per week for the period April 23, 1965, to October 14, 1966, and he further ordered that appellees be credited with payments already made in excess of the total amount. In other words, he allowed appellees credit on future payments of compensation for overpayment of compensation to appellant during the period from April 23, 1965, to October 14, 1966 ($38.00 minus $20.50 equals $17.50 per week multiplied by 77 weeks or a total of $1,347.50 allowed as credit on payments after October 14, 1966).

The workmen's compensation director, upon review, and the district court, upon appeal, made the same finding and award and allowed the same credit. This appeal followed.

Appellant does not contest the factual finding as to the partial disability, in effect conceding it is supported by the evidence, but he challenges the right of the examiner, the director and the district court to allow credit in a review and modification proceeding to an employer for payments already made under the award being modified.

Appellant argues the action taken here under 44-528 amounts to entering an award retroactively, that no authority exists for allowing credit for payments already made under an existing award and that the action in effect permits appellees to "recover back" payments for compensation which action is prohibited.

Appellant concedes we have no precedent precisely in point but he maintains our decision in *Tompkins v. Rinner Construction Co.,* 196 Kan. 244, 409 P. 2d 1001, supports his arguments and is so similar it should control here.

In *Tompkins* the claimant, the widow of a workman who was accidentally killed, was initially awarded compensation by the workmen's compensation director and by the district court. The employer appealed to this court meanwhile paying compensation to the claimant pending its appeals as required by K. S. A. 44-556. Upon the appeal from the original award this court held as a matter of law that the workman's death did not arise out of his employment with the employer, reversing the trial court. Thereupon

the employer and its insurance carrier filed a motion in the district court, in the same case, for "restitution" of the amount paid to the claimant pending the appeals. The motion prayed for judgment against her for such amount.

At the outset of its opinion in *Tompkins* this court pinpointed the issue:

"The question may be stated very briefly.

"Where, in an appeal to this court by an employer and its insurance carrier from a judgment affirming an award of compensation by the director, it is ultimately determined that the accidental injury did *not* arise 'out of' the employment and therefore compensation is to be denied, *is the insurance carrier entitled to 'recover back' the payments made by it pending disposition of the appeals?*" (pp. 244-245.)

This court answered the question in the negative, holding, as succinctly stated in the syllabus:

". . . (1) The workmen's compensation act provides a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive; (2) the act contains no provision for 'recovery back' of payments made under an award pending appeals; (3) common law rules relating to the doctrine of restitution are inapplicable, and (4) 'recovery back' is not to be permitted."

We deal here with K. S. A. 44-528, which, so far as pertinent, provides:

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the director upon good cause shown upon the application of either party . . . and the director shall hear all competent evidence offered and if he shall find that the award . . . is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the director may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act. . . ."

Appellees point out first, and correctly so, that an award under K. S. A. 44-528, modifying an earlier award, is an entirely new award of compensation separate and distinct from the one it modifies (*Taber v. Tole Landscape Co.*, 188 Kan. 312, 362 P. 2d 17; *Brewington v. Western Union*, 163 Kan. 534, 183 P. 2d 872), and that, generally, the same legal principles controlling an initial award of compensation are applicable to an award under the modification and review statute (*Hayes v. Garvey Drilling Co.*, 188 Kan. 179, 360 P. 2d 889).

Appellees point out the phrase in 44-528 that an award modifying

an earlier award shall be "subject to the limitations hereinbefore provided in this act," and they then direct our attention to K. S. A. 44-525, which provides:

"Every finding or award [of] compensation shall be in writing signed and acknowledged by the arbitrator or by the secretary of the committee hereinbefore referred to, or director, and shall specify the amount due and unpaid by the employer to the workman up to the date of the award, if any, and the amount of the payments thereafter to be paid by the employer to the workman, if any, and the length of time such payment shall continue. No award shall be or provide for payment of compensation in a lump sum, except as to such portion of the compensation as shall be found to be due and unpaid at the time of the award, or except at the discretion of the director on settlement agreements, *and credit shall be given to the employer in such award for any amount or amounts paid by him to the employee as compensation prior to the date of the award.*" (Emphasis supplied.)

Appellees assert the foregoing statutes authorize the director, and upon appeal the district court, to grant credit for prior overpayments as was done herein, once a determination is made, based upon a changed condition, as to extent and duration of disability. This was the theory adopted by the examiner, the director and the district court. We think it is the correct one.

The purpose of 44-528 has been set forth many times. In *Gant v. Price*, 135 Kan. 333, 10 P. 2d 1082, this court stated:

"When the commissioner of workmen's compensation hears a case and makes a finding that extends into the future, he looks at an injured workman, hears the testimony of the doctors and finds what in his judgment will be the extent of his disabilities and how long the condition will last. The lawmakers knew this could not be determined with finality, so the provision for modification and review was written into the act." (pp. 335-336.)

In *Brewington v. Western Union*, supra, the purpose was said to be "to provide a means of increasing, decreasing or cancelling compensation in accordance with the changed condition of the workman as justice requires" (syl. ¶ 3).

In *Hayes v. Garvey Drilling Co.*, supra, we find this:

"The reason for the statute is of course evident, for, in the very nature of things, the question of the extent of disability in the first instance is oftentimes conjectural. Human nature being what it is, and medical science not being perfect, is conceivable that a claimant may not be as badly disabled a few weeks or months after the original hearing as he seemed to be at the time the award was made. On the other hand, his condition might have grown much worse. The statute was enacted to meet such situation and its provisions safeguard the welfare of the workman as well as the employer." (p. 181.)

To accomplish the purpose contemplated by the modification statute conmpensation should be payable according to the disability found. The modification is based on the existence of new facts, a changed condition of the workman's capacity, which renders the former award either excessive or inadequate, and compensation is to be paid on the basis of the modification. In *Brewington v. Western Union*, supra, it was said:

"The workmen's compensation act provides for compensation during incapacity and the implication is that compensation should cease when incapacity ends." (Syl. ¶ 4.)

Under our compensation act the duration of a workman's disability is always a question of fact to be determined by the trier of the fact (*Coffee v. Fleming Company, Inc.*, 199 Kan. 453, 430 P. 2d 259). Expeditious processing of claims is contemplated (see, for example, K. S. A. 44-523; 44-534; 44-551, and 44-556). Once the duration and extent of disability are determined award of compensation is to be made. Wherever possible, payment of compensation as fixed by the act is to be commensurate with the period of disability. All that the law intends is just compensation— no more, no less—and neither side should be penalized where it can be avoided. K. S. A. 44-525, hereinbefore quoted, relates to the form of awards generally. It provides the director shall specify in the award the amount due and unpaid up to the date of the award and the amount of payment thereafter to be made and the length of time such payment shall continue. After prohibiting lump sum awards except in two instances—for compensation past due and unpaid at the time of the award and for settlements—the statute then provides that in an award credit shall be given to the employer for any amount paid by him to the employee as compensation prior to the date of the award.

We think that all the examiner, and then the director and the district court, did was to follow that statute. The application for modification was filed April 27, 1965. On October 19, 1966, the examiner found as a fact that total temporary disability had ceased as of April 23, 1965, and that thereafter a condition of forty percent permanent disability existed. These were findings of past facts. Had the situation been reversed, he could just as well have found that, as of April 23, 1965, a partial disability had increased to a total disability, and have awarded compensation accordingly. In accordance with his findings the examiner computed the amount

of compensation then due and made his award. This constituted a new award and in making the required computation he gave credit for the amount already paid by the employer as compensation prior to the date of that award.

Appellant insists such procedure constitutes a "recovery back" denounced in *Tompkins v. Rinner Construction Co.,* supra. We have already indicated the scope of that decision. 44-528 was not involved there, although, in searching for legislative intent on the point at issue, the court commented on its provisions, and the court had no occasion to be concerned with the credit proviso applicable to prospective awards as contained in 44-525. *Tompkins* dealt with an entirely different situation. The stated basis for the decision was simply that there was no statutory authority in the compensation act for "recovery back" under the particular circumstances. Here no "recovery back" or restitution of money or money judgment is sought but only credit for amounts paid in determining the amount of further compensation to be paid, for which there is specific statutory authority. The modification order simply decreed compensation in accord with actual fact.

It should be noted the modification application was pending during the period all the so-called overpayments were made and further that appellees have acted timely throughout.

Finally, appellant argues in effect he has a vested interest in the compensation granted by the initial award, contending an award has essentially the same characteristics as a judgment and citing an annotation at 122 A. L. R. 550 entitled "Res judicata as regards decisions or awards under workmen's compensation acts." Conceding the validity of appellant's contention in certain respects, it has no application here. In *Teague v. George,* 188 Kan. 809, 365 P. 2d 1087, it was stated:

"An award [of compensation] is always open to modification at the instance of either party until final payment has been made (G. S. 1959 Supp., 44-528), and in that respect it lacks the elements of *res judicata,* which is the distinctive feature of a judgment." (p. 812.)

No error being found in the trial court's judgment, it is affirmed.
APPROVED BY THE COURT.

PRICE, C. J., dissents—being of the opinion that an award under the review and modification statute (K. S. A. 44-528) is effective as of the date such award is made and is not to be construed to operate retroactively at the instance of either an employee or an employer.

FATZER, J., dissenting: I am in accord with what is said in Chief Justice Price's dissenting opinion, but I wish to add that K. S. A. 44-525 specifically provides that no award shall provide for payment of compensation in a lump sum except (1) as shall be found due and unpaid at the time of the award, and (2) in a settlement agreement between the employee and employer, approved by the director in his discretion, in which event credit shall be given to the employer for any amounts paid by him prior to the date of the award. K. S. A. 44-525 and 44-528 are not complementary, and the former may not be construed as implementing the latter.

KAUL, J., joins in the foregoing dissenting opinion.