No. 49,190

HELEN MAE FERRELL, *Appellant,* v. DAY & ZIMMERMAN, INC., *Appellee,* and THE LIBERTY MUTUAL INSURANCE CO., *Insurance Carrier.*

(573 P.2d 1065)

Opinion filed January 21, 1978.

*Simeon Webb,* of Pittsburg, argued the cause and was on the brief for the appellant.

*Richard C. Dearth,* of Parsons, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from an order of modification on an original award for workers' compensation.

Claimant, Helen Mae Ferrell, began working for respondent, Day & Zimmerman, Inc., as a powder packer on February 8, 1968. On October 9, 1973, she suffered a back injury while on the job, necessitating a laminectomy. An award of temporary total disability for 415 weeks was entered in her favor on October 29, 1974. This award was not appealed. On December 29, 1975, respondent filed an application for modification and review pursuant to K.S.A. 1975 Supp. 44-528. The examiner found claimant's condition had improved and that she had a 60% permanent

partial disability. He ruled that claimant was entitled to temporary total disability from the date of the accident to the date of the modification award (153.43 weeks) and 60% disability from that date. He also allowed for future medical expenses upon proper application to the director. On review the director approved the award.

On appeal to the district court the award was reduced from 60% disability to 35% disability. The court applied the 35% award as of the date of application for modification and review (December 29, 1975), and allowed respondent credit for overpayments made from that date until the date of the district court's award (April 1, 1977). The court disallowed application for future medical services.

Claimant first challenges the "recovery back" of payments allowed by the district court, citing *Tompkins v. Rinner Construction Co.,* 196 Kan. 244, 409 P.2d 1001; *Ratzlaff v. Friedeman Service Store,* 200 Kan. 430, 436 P.2d 389; K.S.A. 1974 Supp. 44-525 and K.S.A. 1974 Supp. 44-556(*d*). Since the accident took place before July 1, 1974, K.S.A. 1974 Supp. 44-525 and 44-556(*d*) are not applicable. (See, *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 552 P.2d 998.)

In *Ratzlaff v. Friedeman Service Store,* supra, this court allowed credit for overpayment on past awards to be applied to future compensation awards when diminished disability was established in an action for modification and review. For reasons set forth herein, *Ratzlaff* is overruled.

The effect of the *Ratzlaff* rule as applied to the facts of this case was to allow respondent and its insurance carrier to file a motion for modification and review, obtain a decision on the motion nine months later, and have the new award act from the time the motion was originally filed. This practice works an injustice for several reasons. First, a respondent or its insurance carrier is allowed to file a motion for modification at any time, regardless of whether it has evidence to support the motion, then let the motion lie while it attempts to gather evidence. If a respondent files a motion for modification and has evidence to support a finding of diminished disability, it should bear the obligation to force the matter to a prompt hearing. No such obligation should be placed on the claimant, as he has already proved his disability. If the claimant moves for a modification of an award to increase the

disability, he should not benefit from the motion until the date the motion is determined.

Modification of a compensation award seeks to create a new award (K.S.A. 1977 Supp. 44-528); therefore, it should not be used as a means of attacking the validity of an award for payments already made. In such cases where a party wishes to make such a challenge the workers' compensation appeals procedure is the proper avenue of redress. (K.S.A. 1977 Supp. 44-556.)

Although we have held that a compensation award is not a final judgment in the same sense as other civil judgments (*Teague v. George,* 188 Kan. 809, 365 P.2d 1087), we have held that an employee is entitled to issue execution to recover payments as they become due and owing. (*Palmer v. Fincke,* 122 Kan. 825, 253 Pac. 583.) We feel compensation awards should be treated in the same manner as child support, alimony or other installments as they become due; that is, each payment as it becomes due is itself a final judgment which cannot later be modified or dissolved by judicial fiat. (See, *e.g., Sistare v. Sistare,* 218 U.S. 1, 54 L.Ed. 905, 30 S.Ct. 682; *Sharp v. Sharp,* 154 Kan. 175, 117 P.2d 561; *Davis v. Davis,* 145 Kan. 282, 65 P.2d 562.) Thus, any modification of a workers' compensation award must act prospectively from the time the new award is entered and not retrospectively. This rule, of course, does not apply in cases where an award is appealed and the decision of the reviewing court modifies the original award. In those cases both parties are on notice that the award is not "final" until the reviewing court has acted. In the instant case claimant was entitled to temporary total disability from the date she left her employment until the date of the new award.

Claimant next challenges the ruling of the district court concerning the denial of future medical benefits. We cannot agree with the finding of the district court. The only evidence was the statement of Dr. Worth M. Gross who stated, "No further medication or treatment is indicated at this time." We cannot interpret that to mean that no future medical treatment is necessary or will in the future be necessary, only that future medical treatment does not now appear likely. Since K.S.A. 1974 Supp. 44-510 (now K.S.A. 1977 Supp. 44-510) requires the claimant to prove the reasonableness of any future medical expenses, no hardship is worked upon respondent. If respondent believes the expense is excessive or unnecessary it may demonstrate that fact to the

director and if it is correct the expense may be limited or disallowed.

Claimant further challenges the finding of a 35% permanent partial disability made by the district court. It is a well established rule that this court will not substitute its judgment for that of the district court in factual matters on workers' compensation cases unless the findings are not supported by substantial competent evidence. (*Blevins v. Buildex, Inc.,* 219 Kan. 485, 548 P.2d 765; *Day and Zimmerman, Inc. v. George,* 218 Kan. 189, 542 P.2d 313.) We find the decision of the district court to be supported by the evidence.

The decision of the district court finding claimant to have a 35% permanent partial disability is affirmed. Claimant is entitled to receive temporary total disability compensation ($56.00 per week) from the date she left her employment until the date of the new award (September 17, 1976). Her compensation from that date forward is to be computed at the 35% figure. Any payments made in excess of these amounts are entitled to be credited to any future payments respondent may make to claimant.

Affirmed in part and reversed in part.