No. 49,075

BILLY H. GILE, *Appellee*, v. ASSOCIATED COMPANY, INC., *Appellant*, and TRUCK INSURANCE EXCHANGE, *Appellant*.

(576 P.2d 663)

Opinion filed April 1, 1978.

*Otto J. Koerner*, of Koerner & Elam, of Wichita, argued the cause and was on the brief for the appellant.

*Russell E. Grant*, of Mulvane, was on the brief for the appellee.

*Per Curiam:* This is a review and modification proceeding of a workers' compensation award under K.S.A. 1977 Supp. 44-528. The appellants (employer and carrier) appeal from the judgment of the district court wherein their application for modification and reduction in payment of total disability compensation was denied.

The pertinent part of K.S.A. 1977 Supp. 44-528 provides:

"(a)   Any award or modification thereof agreed upon by the parties, whether said award provides for compensation into the future or whether it does not, may be reviewed by the director for good cause shown upon the application of the workman, employer, dependent, insurance carrier or any other interested party. In connection with such review the director may appoint one (1) or two (2) physicians to examine the workman and report to the director. The director shall hear all competent evidence offered and if he shall find that the award has been obtained by fraud or undue influence, or that the award was made without authority, or as a result of serious misconduct, or that the award is excessive or inadequate or that the incapacity or disability of the workman has increased or diminished, the director may modify such award, or reinstate a prior award, upon such terms as may be just by increasing or diminishing the compensation subject to the limitations provided in the workmen's compensation act."

The trial court made the following findings of fact and conclusions of law:

"The only evidence before this Court is the deposition of H. O. Anderson, M. D., taken on August 21, 1974. Claimant offers no evidence.

"After having studied Dr. H. O. Anderson's deposition and listening to argument of counsel, this Court makes the following findings:

"Claimant's accident which occurred in the course of his employment, in Wichita, Sedgwick County, Kansas, on November 10, 1971, has been held by the director and the District Court of Sedgwick County, Kansas, to render claimant totally disabled.

"Compensation is being paid at the rate of $56.00 per week. Payment is being made under an award rendered by the Examiner on November 5, 1973, as altered by the Director and sustained by the District Court on April 15, 1974.

"Dr. H. O. Anderson examined and evaluated claimant's condition on July 30, 1974. Not having seen claimant until July 30, 1974, Dr. Anderson cannot state whether claimant's condition is better, the same or worse than at the time the original award was made or modified. The testimony of Dr. Anderson does not indicate a change in the symptoms or condition of claimant since the granting of the original award. His testimony constitutes another doctor's opinion of the extent of claimant's disability. It, therefore, cannot serve to prove a diminished disability on claimant's part.

"Dr. Anderson finds that claimant will continue to have further difficulty with his back.

"Dr. Anderson does not find that claimant is capable of performing work of the same type and character he was capable of before his injury.

"It is the conclusion of this Court that claimant, as of this date, is not capable of performing and retaining work of the same type and character he was capable of performing before his injury.

"It is the judgment and order of this Court that the application for modification and reduction in the payment of total disability compensation as awarded by the Examiner on February 5, 1975, and sustained by the Director on March 7, 1975, be denied and that no modification or reduction of the Examiner's award of February 5, 1975, be granted."

The appellants claim the trial court erred, as a matter of law, in considering or giving any weight to the disability determined on the then existing facts upon which claimant's original award was based, or upon the fact that Dr. Anderson had not examined the claimant prior to July 30, 1974.

The purpose of the review and modification statute is set forth in *Ratzlaff v. Friedeman Service Store,* 200 Kan. 430, 436 P.2d 389 (overruled on other grounds, *Ferrell v. Day & Zimmerman, Inc.,* 223 Kan. 421, 573 P.2d 1065), quoting *Hayes v. Garvey Drilling Co.,* 188 Kan. 179, 181, 360 P.2d 889, as follows:

"The reason for the statute is of course evident, for, in the very nature of things, the question of the extent of disability in the first instance is oftentimes conjectural. Human nature being what it is, and medical science not being perfect, it is conceivable that a claimant may not be as badly disabled a few weeks or months after the original hearing as he seemed to be at the time the award was made. On the other hand, his condition might have grown much worse. The statute was enacted to meet such [a] situation and its provisions safeguard the welfare of the workman as well as the employer." (200 Kan. at 434.)

The subsequent amendment to the statute has no effect on the above stated purpose. Any modification is based on the existence of new facts, a changed condition of the workman's capacity, which renders the former award either excessive or inadequate (*Ratzlaff,* supra). The burden of proving the changed condition of

the claimant is upon the party asserting it (*Davis v. Haren & Laughlin Construction Co.,* 184 Kan. 820, 339 P.2d 41). The only evidence of the claimed changed condition was the deposition of Dr. Anderson, who, except for finding no muscle spasms, found essentially the same physical condition that was the basis of the original award. Dr. Anderson assessed the claimant as being 15-20 percent disabled and being capable of light work. The assessment was not evidence of diminished disability, but rather a different evaluation of the original disability, as the trial court found. Dr. Anderson further stated the claimant was incapable of performing the same work he had been performing prior to his injury.

The appellants' claim of error on the part of the trial court in considering the disability found in the award on which modification was sought is without merit. The purpose of the proceeding was to determine if the claimant's disability had changed. No such determination can be made without comparing claimant's condition at the time of the award with his condition at the time modification was sought.

Some clarification is necessary in the following findings:

"Not having seen claimant until July 30, 1974, Dr. Anderson cannot state whether claimant's condition is better, the same or worse than at the time the original award was made or modified."

If the trial court is concluding that Dr. Anderson was precluded, as a matter of law, from comparing claimant's original condition with what he found on July 30, 1974, then this is an erroneous conclusion. Dr. Anderson viewed the earlier records including X-rays and compared the same to what he personally found upon his examination including the new X-rays he ordered taken. He had the right to compare and did, in fact, do so. He basically found no change. The language in this one portion of the findings and conclusions is subject to an improper interpretation which we do not believe the trial court intended, taken in the light of all the findings and conclusions and the evidence before the court.

With this clarification we hold the appellants' claim of error on the part of the trial court in considering the disability found in the award on which modification was sought is without merit. The purpose of the proceeding was to determine if the claimant's disability had changed. No such determination can be made without comparing claimant's condition at the time of the award with his condition at the time modification was sought.

The findings and conclusions of the trial court as clarified are supported by substantial competent evidence and the trial court properly applied the law to the facts so found.

The judgment is affirmed.