**WILSON FOOD CORPORATION,**
Appellee,

v.

**Hollie C. CHERRY, Appellant,**

and

**The Iowa Industrial Commissioner,**
Appellant.

No. 65540.

Supreme Court of Iowa.

Feb. 17, 1982.

William D. Scherle of Hanson, McClintock & Riley, Des Moines, for appellant.

Gene R. LaSuer of Davis, Hockenberg, Wine, Brown, Koehn, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE, and McGIVERIN, JJ.

HARRIS, Justice.

On judicial review the district court overturned a determination of the industrial commissioner in a review-reopening proceeding. The question is strictly a legal one: Is an employer entitled to credit for its mistaken overpayment of healing period benefits against its obligation to pay permanent partial disability benefits? We affirm the district court's decision allowing such a credit.

In a job related injury, July 18, 1973, claimant suffered a herniated disc in his spine. As a result he received disability payments from September 30, 1973, to February 9, 1979. During this time the claimant consulted as required with the primary treating physician. Surgery was performed on October 10, 1973. The treating physi-

cian felt the claimant was not progressing well during the rather extensive period of treatment. He underwent rehabilitation from February to November 1975.

On December 9, 1975, the physician felt he had "reached the maximum for this fellow." Under section 85.34(1), The Code, the claimant's healing period would terminate on that date because he reached maximum medical recuperation.

As a result of the same injuries the claimant suffered permanent partial disability under section 85.34(2). Compensation to the claimant during the healing period was $91 per week. Compensation for his permanent partial disability was $84 per week.

This case arises because, through administrative error, the employer continued the $91 weekly payments until February 9, 1979, whereas they should have been reduced to $84 per week beginning December 9, 1975, when the claimant reached maximum recovery. The error was the employer's, not the claimant's. The sole question is whether the overpayment should be credited toward the employer's liability on the permanent partial disability benefits.

█ I. The claimant notes that the chapter omits expressed permission for such a credit. This absence is contrasted with the allowance of credit in two other situations. Temporary disability benefits under section 85.33 are to be deducted from any amount of healing period benefits to which a claimant is entitled. *See* section 85.34. A similar credit is expressly granted in section 85.34(3) for permanent partial disability payments from benefits for permanent total disability. Claimant thus calls for an application of the time-honored maxim often used in statutory construction. The expression of one is the exclusion of another. *See In re Estate of Wilson*, 202 N.W.2d 41, 44 (Iowa 1972); Sutherland, *Statutory Construction*, § 47.23–25 (4th ed. C. Sands 1973).

We do not believe the maxim is appropriate for application here. The two situations alluded to by the claimant were intended by the legislature to prevent dual benefits. They do not apply to provide overpayment. The provisions the claimant contrasts with the present one prevent simultaneous collection of two related but different benefits. The credit sought here was not needed in the legislative scheme to proscribe simultaneous collection of two benefits. Benefits for permanent partial disabilities under section 85.34(2) do not begin until termination of the healing period (§ 85.34(1)). The credit here is not one which the legislature chose to omit; it is a credit question the legislature did not address.

II. The claimant seeks a reversal on the alternative ground that the district court's decision overlooks the humanitarian scope and purpose of the workers' compensation law. *See Orr v. Lewis Central School District*, 298 N.W.2d 256, 261 (Iowa 1980). He believes the payments here, to the extent they were overpayments, constitute a "windfall" the claimant is entitled to in the light of the employer's negligent failure to efficiently administer the payments. He points out the employer's control over the claim and the fact that the employer had actual or constructive knowledge of the claimant's condition.

█ Employers may generally recover payments made by mistake in workers' compensation matters. 101 C.J.S. Workmen's Compensation § 835 (1958); 82 Am Jur 2d, Workmen's Compensation § 365 (1976); *Lemmer v. Batzli Electric Company*, 267 Minn. 8, 16–21, 125 N.W.2d 434, 440–42 (1963); *Bland Casket Company v. Davenport*, 221 Tenn. 492, 427 S.W.2d 839, 845 (1968); *Ratzlaff v. Friedeman Service Store*, 200 Kan. 430, 436 P.2d 389, 394 (1968); *Wilborn Construction Company v. Parker*, 281 Ala. 626, 206 So.2d 872, 873–75 (Ala.1968); *Dunlap v. State Compensation Director*, 140 S.E.2d 448, 452 (W.Va.1965).

█ There nevertheless is force to the claimant's argument. He was overpaid over a long period of time and the final cutoff of all benefits will thereby be accelerated. It is probably true that he will be seriously inconvenienced by the earlier cutoff of his benefits. Yet, under the district

court ruling, he would receive every bit of the awards to which he was properly and legally entitled.

It is argued that it is unfair to allow the employer to recoup for his own error at the inconvenience to the claimant. We think not. We think the public interest will be better served by encouraging employers to freely pay injured employees without adversary strictness. It is not so unfair to compel the claimant to face at an earlier date the termination he would face later in any event so as not to penalize the employer.

AFFIRMED.