(715 P.2d 421)

No. 58,053

EUGENE P. ASAY, *Appellant*, v. AMERICAN DRYWALL, *Appellee*, and TRUCK INSURANCE CARRIER, *Appellee*.

Opinion filed March 13, 1986.

*Michael A. Preston*, of McDonald, Dykes, Christlieb, Leitner & Preston, of Overland Park, for the appellant.

*David K. Martin*, of Payne & Jones, Chartered, of Overland Park, for the appellees.

Before MEYER, P.J., BRISCOE, J., and WILLIAM D. CLEMENT, District Judge, assigned.

BRISCOE, J.: Respondents, American Drywall and its insurance carrier, initiated this action by seeking review and modification of a workers' compensation award previously awarded to claimant, Eugene Asay. The administrative law judge, as affirmed by the director, only reduced the prior award and rejected respondents' argument that claimant's earning more now than at the time of the injury entitled them to cancellation of the award. Upon review, the district court cancelled claimant's award and also assessed the costs of the proceedings against claimant. Claimant appeals both rulings.

As support for the cancellation of claimant's award, respondents rely upon the language of K.S.A. 44-528(b) which provides in pertinent part:

"If the director shall find that the employee has returned to work for the same employer in whose employ the employee was injured or for another employer *and is capable of earning the same or higher wages than the employee did at the time of the accident,* or is capable of gaining an income from any trade or employment which is equal to or greater than the wages the employee was earning at the time of the accident . . . the director may cancel the award and end the compensation." (Emphasis added.)

The parties agree that claimant is earning more now than at the time of his injury. It is also agreed that claimant was employed as a residential drywall hanger when he was injured and is now employed by a different employer as a commercial drywall hanger. Commercial buildings frequently use suspended ceilings and, therefore, a commercial drywall hanger is rarely required to install drywall ceilings. Claimant testified that he would experience difficulty in his neck and shoulder should he have to install a drywall ceiling.

The administrative law judge rejected respondents' argument that claimant's award should be cancelled pursuant to K.S.A. 44-528(b), concluding the statute applies only to occupational disease cases. The judge found sufficient evidence of decreased

disability and, on that basis, reduced claimant's award pursuant to K.S.A. 44-528(a):

"Based upon the additional record made in this matter, the respondent and insurance carrier have proved by a preponderance of credible evidence that the claimant's disability has decreased subsequent to the entry of the Award on August 7, 1981, and that the claimant now possesses 25% permanent partial disability to the body as a whole from a work related standpoint, and that the respondent and insurance carrier are therefore entitled to an Award of Modification based upon such decrease in the claimant's disability, and pursuant to K.S.A. 44-528(a)."

The district court in its journal entry found K.S.A. 44-528(b) is not applicable only to occupational disease cases and concluded the statute was applicable to this case. Then the court stated:

"That *based upon the findings made by the Administrative Law Judge* and the finding by this Court that K.S.A. 44-528(b) is applicable, the Court finds that claimant's earnings exceed his earnings on September 19, 1978, and that the award hereinbefore entered should be cancelled and compensation ended." (Emphasis added.)

Therefore, although the district court cancelled claimant's award because his earnings had increased, the court by its ruling did not dispute the administrative law judge's determination that the claimant still has a 25 percent permanent partial general disability to the body as a whole. We find this ruling incongruous.

We must not lose sight of the test to determine whether claimant has suffered and continues to suffer permanent partial general disability.

"The extent of permanent partial general disability shall be the extent, expressed as a percentage, to which the ability of the workman to engage in work of the same type and character that he was performing at the time of his injury, has been reduced." K.S.A. 44-510e(a).

See *Anderson v. Kinsley Sand and Gravel, Inc.*, 221 Kan. 191, 558 P.2d 146 (1976); *Grounds v. Triple J. Constr. Co.*, 4 Kan. App. 2d 325, 330, 606 P.2d 484, *rev. denied* 227 Kan. 927 (1980). The pivotal question is what portion of claimant's job requirements is he or she unable to perform because of the injury? *Ploutz v. Ell-Kan Co.*, 234 Kan. 953, 955, 676 P.2d 753 (1984); *Ploutz v. Ell-Kan Co.*, 9 Kan. App. 2d 9, 668 P.2d 196 (1983). See *Maxwell v. City of Topeka*, 5 Kan. App. 2d 5, 611 P.2d 161, *rev. denied* 228 Kan. 807 (1980). Although claimant is earning more here, he remains unable to perform a portion of his initial job as a residential drywall hanger.

The review and modification statute, K.S.A. 44-528, does not

alter the test for determining compensable permanent partial general disability under K.S.A. 44-510e. The purpose of K.S.A. 44-528 is set forth in *Ratzlaff v. Friedeman Service Store,* 200 Kan. 430, 434, 436 P.2d 389 (1968), (overruled on other grounds, *Ferrell v. Day & Zimmerman, Inc.,* 223 Kan. 421, 573 P.2d 1065 [1978]), quoting *Hayes v. Garvey Drilling Co.,* 188 Kan. 179, 181, 360 P.2d 889 (1961), as follows:

" 'The reason for the statute is of course evident, for, in the very nature of things, the question of the extent of disability in the first instance is oftentimes conjectural. Human nature being what it is, and medical science not being perfect, it is conceivable that a claimant may not be as badly disabled a few weeks or months after the original hearing as he seemed to be at the time the award was made. On the other hand, his condition might have grown much worse. The statute was enacted to meet such a situation and its provisions safeguard the welfare of the workman as well as the employer.' "

In *Gile v. Associated Co.,* 223 Kan. 739, 576 P.2d 663 (1978), our Supreme Court clarified what proof was required under 44-528 to modify a prior workers' compensation award. The court held the award should not be reduced because there was no evidence introduced which compared claimant's condition at the time of the award with his condition at the time modification was sought. The court stated: "The purpose of the [modification] proceeding was to determine if the claimant's disability had changed." 223 Kan. at 741.

Here, the claimant's disability has decreased, but he still has a 25 percent permanent partial general disability which entitles him to compensation in spite of his increased earnings. Were we to invoke the diminution of earnings as a prerequisite to recovery, we would be reinserting diminution of earnings as a factor into the formula for computing a permanent partial general disability award. A 1974 amendment to K.S.A. 44-510e eliminated diminution of earnings as a factor in computing permanent partial general disability. This legislative change, however, was never reflected in the review and modification statute, K.S.A. 44-528(b). Even when the amount of earnings was a factor, our Supreme Court relied on the underlying purpose of the workers' compensation law and refused cancellation of an award in a case where the claimant had returned to work with full pay:

" 'Permanent partial disability of an injured workman based on substantial medical testimony is compensable notwithstanding he may earn as much or more after his injury in the same or other employment. The rule is based upon the fact

that partial general body disability is a definite loss to the injured workman, and is a deterrent to his obtaining and retaining work in the open labor market.' " *Smith v. Jones,* 185 Kan. 505, 509, 345 P.2d 640 (1959), quoting *Daugherty v. National Gypsum Co.,* 182 Kan. 197, 203, 318 P.2d 1012 (1957).

We remain firmly committed to the rule of liberal construction of the workers' compensation act in order to award compensation to the worker where it is reasonably possible to do so, *and* to make legislative intent effective and not to nullify it. *Brinkmeyer v. City of Wichita,* 223 Kan. 393, 396, 573 P.2d 1044 (1978). Further, where there is a conflict between two statutes which cannot be harmonized, the later legislative expression controls. *Szoboszlay v. Glessner,* 233 Kan. 475, 479, 644 P.2d 1327 (1983). We conclude then that a claimant is *"capable* of earning the same or higher wages" to justify cancellation of his award under K.S.A. 44-528(b) only if claimant has regained his "ability . . . to engage in work of the same type and character that he was performing at the time of his injury." K.S.A. 44-510e(a). Claimant's remaining permanent partial general disability is compensable even though he is earning more now than at the time of his injury.

We reverse and remand the district court's decision to cancel claimant's award. The district court's decision regarding costs is also reversed and remanded to afford the court the opportunity to reexamine assessment of costs in light of its further proceedings.