No. 46,848

ANGELINE B. RANDALL, *Appellant,* v. PEPSI-COLA BOTTLING COMPANY, INC., and CASUALTY RECIPROCAL EXCHANGE, *Appellees.*

(510 P. 2d 1190)

Opinion filed June 9, 1973.

*Gene E. Schroer,* of Topeka, argued the cause, and *Howard A. Jones, Frank M. Rice, Wilburn Dillon, Jr.* and *John J. Bryan,* of Topeka, were with him on the brief for the appellant.

*David L. McLane,* of Fisher & Benfer, Chartered, of Topeka, argued the cause, and *James E. Benfer,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a workmen's compensation case by the injured workman. The case is submitted on an agreed statement of facts, pursuant to Rule 6 (*o*) of the Supreme Court of the State of Kansas.

On November 12, 1968, Angeline B. Randall filed a claim for workmen's compensation in connection with an injury encountered in the course of her employment by the respondent, Pepsi-Cola Bottling Company, Inc., at its Topeka plant in September of 1968. In her claim she alleged injury to her left arm after being struck by a fellow employee with a cardboard soft drink carton. The hearing on her claim took place on August 6, 1969, and an award finding that she had suffered a five percent loss of use of her left arm was entered on May 28, 1970. It was found that the injury suffered was one arising out of and in the course of employment on the basis of testimony from a number of witnesses.

At the hearing Dr. Kemmerle, a psychiatrist at the Menninger Foundation, testified by deposition that he had examined the

claimant and found her to be suffering from an emotional injury which he diagnosed as "hysterical neurosis, conversion type". In his testimony he indicated it was his opinion that the manifestations of emotional harm were precipitated by the blow from her co-worker. The doctor further testified that his prognosis of the claimant's condition was very poor. He stated that, "She will probably quit her job eventually. I am thinking within a short time, a year or two."

In addition to the claimant's own testimony and the deposition of Dr. Kemmerle, the examiner considered the testimony of Dr. M. E. Pusitz, an orthopedic surgeon, who testified by deposition on January 27, 1970. Dr. Pusitz first saw the claimant on November 11, 1968, and prescribed treatment through September 20, 1969. At this time the doctor released the claimant to return to her regular employment. He stated that in his opinion she was suffering a five percent permanent partial disability of the left arm as a whole at that time.

The examiner awarded compensation based on a five percent permanent partial loss of use of her left arm and awarded certain medical expenses. In making his award the examiner found as follows:

"The examiner is not convinced, however, that the claimant has suffered any compensable disability other than the scheduled disability to her left arm. Claimant may very well be neurotic, but it doesn't apparently affect her ability to work. She continued to work for the respondent following the accident although she had pain while doing the work. Dr. Kemmerle's testimony deals with problems which the claimant undoubtedly has but which do not affect her ability to work. He describes the manifestations of the neurosis as weakness, partial paralysis and pain. The entire record leads the examiner to believe that these manifestations do not exist to an extent that claimant is affected in her work. *Further, the examiner does not feel that this accident on the job has been shown to be a significant contributing factor in the claimant's neurosis problem.*" (Emphasis added.)

On June 5, 1970, the claimant filed a motion with the Director of Workmen's Compensation asking that the director remand the matter to the examiner for rehearing, on the basis that "the nature and extent of claimant's disability and its affect upon her employment has substantially changed since claimant's trial and the submission of evidence to Examiner Thomas E. Wright." Also on June 5, 1970, claimant filed an application for a director's review pursuant to K. S. A. 44-551. With respect to this latter application, the director entered an order on November 5, 1970, sustaining the

findings which were originally entered and declined to grant the relief prayed for.

In affirming the award, the director ruled:

"The issue is whether or not the examiner should have found disability in excess of that awarded. This is the type of case that depends a great deal on the observations of the examiner and his impression of the claimant and other witnesses involved. The Director is not bound by the findings of an examiner. The Director may make independent findings of fact and different conclusions of law. In this case, however, the Director does not intend to substitute his opinion for that of the examiner."

This order was subsequently appealed to the District Court of Shawnee County, Kansas, on the 16th day of December, 1970, and on March 19, 1971, the district judge entered judgment thereon, finding, "After having fully considered the contents of the file, the transcript of the record, the depositions on file, and the oral arguments and briefs of counsel, and after independent determination," that the "findings and award of the Director of Workmen's Compensation dated and filed November 5, 1970, should be adopted by the Court."

After this decision, on March 30, 1971, the claimant filed another application for director's review and modification of her award pursuant to 44-528, *supra,* as amended. The parties filed briefs and presented oral arguments, and on October 27, 1971, the director entered an order regarding both the June 5, 1970, and March 30, 1971, requests for review and modification. In ruling that he did not have jurisdiction to hear the claimant's two applications for review and modification, the director noted in his order:

"In reading the award of Examiner Wright, it is found that Examiner Wright did find the scheduled injury was compensable. He found that claimant may well be neurotic but did not feel that the accident on the job had been shown to be a significant contributing factor in the claimant's neurosis problem.

"In reading the award, *the Director finds that Examiner Wright's award is an award of compensation for a scheduled injury only. The Director feels that Examiner Wright rejected a finding that the neurosis condition was caused by her work.* As only a scheduled injury is involved, the law set out below would apply:

'K. S. A. [1969 Supp.] 44-528 provides for Review and Modification and the last sentence states, "Provided, that the provisions of this section shall not apply to an award of compensation provided for in K. S. A. [1969] Supp. 44-510 (*d*), subparagraphs (1) to (20) inclusive.'

"The section cited above is in regard to scheduled injuries. The Director would also note *Meredith v. Shawver Graham, Inc.,* 171 Kan. 513, which held 44-528 is not applicable for awards for scheduled injuries." (Emphasis added.)

On or about November 2, 1971, claimant served a Notice of Appeal to the District Court of Shawnee County, Kansas. The parties again filed written briefs and presented oral argument. Respondent and his insurance carrier argued that the final provision of K. S. A. 44-528 deprived the claimant of a director's review and modification for the reason that such reviews are not available for awards based on scheduled injuries. Respondent also argued that an application of the principles of the doctrine of *res judicata* would prevent the director from considering any evidence regarding claimant's neurosis condition.

On February 18, 1972, the decision of the district court was announced reversing the order of the director and ordering that a so-called director's review should be allowed. The court went on to order, however, that the scope of such review should be limited "to the question of whether or not there has been a change in the five percent permanent partial loss of use of claimant's left arm, and that only evidence relative to said question shall be allowed on such review." The court further ordered that "any claim with respect to 'traumatic neurosis' or a nonscheduled injury may not be considered upon such review and that same are barred by the doctrine of *res judicata*". It is this latter portion of the court's order, which purports to limit the scope of review, from which claimant now appeals.

The basic issue to be decided on appeal is whether the trial court erred when it ruled the doctrine of *res judicata* barred any consideration of the claimant's alleged "traumatic neurosis" on rehearing.

The claimant contends the principle of *res judicata* does not apply to determinations made in the course of administration of the Workmen's Compensation Act. The claimant concedes in her brief what appears to be the well settled rule or doctrine of *res judicata*—"that when a matter in issue has once been determined it is not subject to a redetermination; that it is entitled to the recognition of permanence and constancy always accorded a judgment."

The claimant cites *Fisher v. Rhoades Construction Co.,* 190 Kan. 448, 375 P. 2d 771; *Fleming v. National Cash Register Co.,* 188 Kan. 571, 363 P. 2d 432; *Clark v. Winfield Hospital & Training Center,* 186 Kan. 705, 352 P. 2d 442, which purportedly stand for the proposition that final judgments of the district court in workmen's compensation cases are subject to review and modification by the director. A careful review of these cases reveals that the applicabil-

ity of the doctrine of *res judicata* in a situation such as we have here is not discussed.

It must be conceded the doctrine of *res judicata* does not apply to the determination of awards which are subject to review and modification. That is not the issue before us.

This is not a situation where a new and different consequence or result of the claimant's original injury has developed since the time of the original award. At best, the claimant is attempting to assert that the extent of her disability *caused by her neurotic condition* has increased.

Testimony of the claimant's neuroses problem was presented at the time of the original hearing before the workmen's compensation examiner, where the testimony of the psychiatrist was considered. But the examiner found the claimant's neurotic condition was not a result of the injury she sustained on the job with the respondent. In other words, she failed to sustain the burden of proof to show a causal connection between her injury on the job and the disability resulting from her neurotic conditions. The examiner's finding in this respect was sustained by the director, and on appeal to the district court the findings and award of the director were adopted by the district court. Thus, the district court has ruled that the claimant's neurotic condition is not a result of the injury she sustained on the job. (See, *Gawith v. Gage's Plumbing & Heating Co., Inc.,* 206 Kan. 169, 476 P. 2d 966.) No appeal was taken from this judgment to the Supreme Court.

Where a finding by the district court that claimant's neurotic condition was not a natural consequence of her injury while employed by the respondent becomes final for want of an appeal from the decision thereon, the doctrine of *res judicata* applies and the claimant is foreclosed from seeking a director's review and modification under K. S. A. 1969 Supp. 44-528 on the issue of causation. Such finding on the issue of causation is a finding of a past fact which existed at the time of the original hearing. A change in the claimant's condition of neuroses subsequent to the original hearing will in no way affect a finding that the claimant's condition of neuroses was not the result of the injury claimant sustained on the job.

This is not necessarily true of findings relating to the extent of claimant's disability. The extent of a claimant's disability resulting from an accidental injury, where the causal connection is estab-

lished, at any given time must be based on evidence of the claimant's condition at that particular time.

The foregoing readily distinguishes *Jackson v. Stevens Well Service*, 208 Kan. 637, 493 P. 2d 264, upon which the claimant relies.

Since the issue as to the causal relationship of claimant's neurotic condition to her injury sustained on the job has already been determined adversely to her, the district court did not err in precluding review on this issue in a proceeding for review and modification.

The judgment of the lower court is affirmed.