(640 P.2d 329)

No. 53,043

DELL ·HENRY ARDUSER, *Claimant-Appellant,* v. DANIEL INTERNA-
TIONAL CORPORATION, *Respondent-Appellee,* and UNITED STATES
FIDELITY AND GUARANTY, *Insurance Carrier-Appellee,* and KAN-
SAS WORKMEN'S COMPENSATION FUND, *Appellee.*

Petition for review denied April 14, 1982.

Opinion filed January 28, 1982.

*Miles D. Mustain* and *Ronald C. Newman,* of Mustain & Newman, Chartered, of Kansas City, for appellant.

*Michael J. Unrein,* of Davis, Unrein, Hummer & McCallister, of Topeka, for appellee Kansas Workmen's Compensation Fund.

Before FOTH, C.J., SPENCER and MEYER, JJ.

MEYER, J.: In this· workmen's compensation appeal, we con-
sider a settlement agreement entered into by Dell Henry Arduser
(claimant) with Daniel International Corporation (respondent-

appellee, hereinafter referred to as the employer) and United States Fidelity and Guaranty (employer's insurance carrier, hereinafter referred to as insurance carrier). At issue herein is whether that settlement agreement (admittedly for a sum far less than that to which claimant would otherwise be entitled) precludes claimant from now pursuing or continuing an action against appellee Kansas Workmen's Compensation Fund (Fund). That is, does claimant have a direct action against the Fund, or is the Fund's liability solely derivative of that of the employer so as to bar action against the Fund after claimant has settled its claim with the employer and insurance carrier, and such settlement has been approved by the workmen's compensation examiner, by the administrative law judge, by the director, and the district court? The Fund was properly impleaded.

Four hearings were had herein: (1) formal settlement hearing before the examiner on January 27, 1977; (2) hearing before the administrative law judge on August 1, 1978, with its order dated September 29, 1980, regarding the Fund's liability; (3) review by the director on September 29, 1980, as shown by his order dated November 6, 1980; and (4) approval by the district court of the director's order.

The settlement agreement provided that claimant receive $13,071.10, which the parties to the agreement (viz. employer and claimant) agreed was in exchange for claimant's agreement not to seek further compensation from the employer or insurance carrier. Both parties agreed that the settlement would not affect their respective rights against the Fund.

At the first hearing the settlement agreement was approved by the examiner; however, the examiner indicated he did not know what effect this settlement would have regarding liability of the Fund. The Fund took the position that it had no obligation to either the claimant or the employer.

At the second hearing, the claimant and the employer sought recovery against the Fund. The administrative law judge made findings of fact and conclusions of law to the effect that claimant had a 50 percent work-related disability. He also made findings that make it clear the Fund would have been liable for the full amount of liability to claimant, had it not been for claimant's settlement with the employer and insurance carrier. Such findings are supported by the record. He also concluded that the

Fund, because of claimant's settlement with the employer and insurance carrier, was not liable for any additional payment to the claimant. His order, in this regard, included the following:

"5. That a careful review of K.S.A. 44-566 et seq. discloses no intention on the part of the Kansas Legislature to permit a direct action for compensation against the Kansas Workmen's Compensation Fund by the claimant, but rather the intent as expressed is to promote and encourage employers to hire or retain in their employment persons possessed of certain physical or mental impairments as enumerated by K.S.A. 44-566(b). K.S.A. 44-567 speaks of relieving the employer of liability for compensation under either the 'but for' rule or by a contribution theory, and implies that liability against the employer must first be established. To establish employer liability for compensation to the claimant, certain elements must be proved, e.g. notice, claim, and employer-employee relationship; and to hold that the Fund should be liable for additional compensation to the claimant over and above that awarded the claimant and against the respondent and insurance carrier, would require a finding that the Fund was an employer. This we are not inclined to do. Furthermore, the settlement entered into and approved by the Special Examiner on January 27, 1977 between the claimant and the respondent-insurance carrier not only extinguished all further rights to compensation by the claimant against the employer, but also served to effectively limit all potential liability of the Kansas Workmen's Compensation Fund. Therefore, the claimant is not entitled to a further Award of additional permanent disability compensation not heretofore compensated, against the Kansas Workmen's Compensation Fund, and that such should be denied the claimant."

The Fund was required to reimburse the insurance carrier and employer for all amounts paid to the claimant.

On review, the workmen's compensation director, by order dated November 6, 1980, approved the administrative law judge's order in its entirety, and specifically ordered that there was no liability against the Fund in favor of the claimant since the claimant's rights against the Fund had been extinguished by the January 27, 1977, settlement between claimant, his employer and insurance carrier.

Thereafter, the District Court of Linn County, Kansas, sustained the director's order.

Claimant contends the 50 percent permanent disability finding made by the administrative law judge computes to $41,416.30. We find no contention in the record that such computation was incorrect. Since claimant had settled for $13,071.10, he contends he is now entitled to payment of the balance by the Fund, since the administrative law judge had found 100 percent liability of the Fund and that such 100 percent liability is based on uncontroverted evidence.

Claimant states the issue herein as follows: Whether an injured and permanently disabled workman is deprived of his right to be fully compensated by the workmen's compensation fund for his injuries and resulting permanent disability due to acceptance of a portion of the compensation due him through settlement with the respondent and its insurance carrier although specifically reserving his rights as to the Fund at the time of settlement.

The Fund states the issue as follows: Whether or not a claimant in a second-injury type claim has a direct and independent action against the Fund even though the claimant has elected to extinguish all his rights under the workmen's compensation act against the employer by settling his claim with the employer and releasing the employer from any further obligations under the Kansas workmen's act via friendly hearing awarding the claimant a lump sum payment.

Regardless of how it is stated, the issue to be decided remains the same, that is: Can an action by a claimant be maintained or continued against the Fund after settlement between claimant and his employer? In other words, the question is whether the liability of the Fund is strictly and solely derivative from the liability of the employer.

Claimant's reason for settling with the employer was his alleged economic necessity at the time. He had reason, however, to know or to consider the possibility that his settlement might negate his rights against the Fund. The examiner's statements, as seen in the record, can be subject to the fair interpretation that the examiner did not know what the effect of his approving the settlement would have on the Fund's liability, even though his order reserved claimant's rights against the Fund.

The findings of the trial court with regard to the nature, extent and compensability of the injury are not made issues on appeal. Neither party disputes on appeal the finding of a 50 percent permanent disability, nor the finding that the Fund is liable for 100 percent of the disability benefits (but for the settlement) and that there should be no apportionment. Accordingly, the case presents a pure question of law and not of fact.

As heretofore stated, the Fund argues that its liability is strictly derivative from employer liability, and that under the statutes there is no direct and independent claim that lies on behalf of the claimant against the Fund.

The Kansas Supreme Court has been firmly committed to the rule of liberal construction of the workmen's compensation act in order to award compensation to the workman where it is reasonably possible to do so and to make the legislative intent effective. See *Brinkmeyer v. City of Wichita,* 223 Kan. 393, 396, 573 P.2d 1044 (1978).

It is noted that in *Safeway Stores, Inc. v. Workers' Compensation Fund,* 3 Kan. App. 2d 283, 286, 593 P.2d 1009 (1979), the court stated:

"Liberal construction is not afforded an employer against the Fund other than in those instances where a liberal construction would advance the legislative aim of encouraging the employment of handicapped persons."

In the case at bar, we are not dealing merely with the apportionment of liability between the employer as against the Fund. The claimant herein has lost almost three-fourths of his compensation by reason of his compromise and the interpretation thereof by the director and the trial court

As stated in *Brinkmeyer v. City of Wichita,* 223 Kan. at 396-97:

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. Legislative intent is to be determined by a general consideration of the entire act. Effect should be given if possible to the entire statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 421, 422, 560 P.2d 117. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, 214, 557 P.2d 1286. Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible. *Jordan v. Doonan Truck & Equipment, Inc.,* 220 Kan. 431, 434, 552 P.2d 881."

The statutes pertinent to the instant case are K.S.A. 1980 Supp. 44-566a, -567, -569, and -569a.

Claimant argues that his substantive right to an award against the Fund is granted by K.S.A. 1980 Supp. 44-566a(*e*)(1) and -569. K.S.A. 1980 Supp. 44-566a(*e*)(1) specifically provides that the workmen's compensation fund is liable for payments of awards to handicapped employees. In a separate subparagraph, the workmen's compensation fund is said to be liable for *reimbursement of an employer or insurance carrier.* K.S.A. 1980 Supp. 44-569

provides that when the director sets an award he shall award that amount *due from the employer* to the employee and also shall make an award setting forth the amount due to the employee to be paid from the Fund. K.S.A. 1980 Supp. 44-569(*b*) states that the commissioner of insurance shall cause payment to be made from the Fund to said employee in harmony with the award. In addition, the employer then could be reimbursed from the workmen's compensation fund. K.S.A. 1980 Supp. 44-569(*c*). Therefore, the statutes allow for payments to be made directly to the employee from the Fund.

The Fund argues that the above provisions for payment are procedural only and do not grant a substantive right to the employee to proceed directly against the Fund. The Fund relies primarily upon K.S.A. 1980 Supp. 44-567 which gives an employer a right to be relieved of liability for compensation awarded if certain statutory requirements are met. The Fund notes specifically that in subsection (*b*) the employer is given the burden to prove that the employer had knowledge of the preexisting impairment and that unless the employer impleads the workmen's compensation fund in a timely manner, it has no right to be relieved of liability for compensation awarded. K.S.A. 1980 Supp. 44-566a(*c*), however, specifically states that the commissioner of insurance may be made a party in this manner by any party to the proceedings in order to impose liability on the Fund.

We find nó Kansas cases directly in point. However, we note that in *Safeway Stores, Inc. v. Workers' Compensation Fund,* 3 Kan. App. 2d 283, the court held that the Fund must be impleaded before the first full hearing in order to be liable for any portion of an award. In that case, the Fund was not impleaded in a timely manner, and full liability for the total award was placed on the employer and its carrier even though the disability was totally due to a preexisting condition. The employer lost his chance to shift the loss by failing to implead the Fund prior to the first full hearing. It is clear then that the employer is statutorily liable for the full amount of the disability award unless he can shift the loss. Thus, the claimant in this case had a right to full recovery against the employer at the time he settled, even for the portion attributable to a preexisting condition.

Clearly, the purpose of the legislature in setting up the Fund (originally the second injury fund) was to make it easier for

handicapped persons to become employed because the *employer* would be relieved of its liability for compensation payments, either in whole or in part, when employing such persons. The obligation to make payments under the workmen's compensation act is that of the employer. Note that K.S.A. 1980 Supp. 44-501 states in part:

"If in any employment to which the workmen's compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, *his or her employer shall be liable to pay compensation to the employee* in accordance with the provisions of the workmen's compensation act." (Emphasis added.)

The purpose of creating first the second injury fund, and later the workmen's compensation fund, was to encourage *employers* to hire the handicapped. *Krauzer v. Farmland Industries, Inc.,* 6 Kan. App. 2d 107, 112, 626 P.2d 1223 (1981); *Safeway Stores, Inc. v. Workers' Compensation Fund,* 3 Kan. App. 2d 283; *Leiker v. Manor House, Inc.,* 203 Kan. 906, 457 P.2d 107 (1969). See also *Madison v. Key Work Clothes,* 182 Kan. 186, 318 P.2d 991 (1957); and *Rush v. Empire Oil & Refining Co.,* 140 Kan. 198, 34 P.2d 542 (1934). Such encouragement lies, of course, in requiring the Fund to relieve the employer of certain liabilities which, but for the Fund, would be chargeable to him. *This inducement to hire went to the employer.* The Fund is not an employer.

In *Stanley v. A & A Iron Works,* 211 Kan. 510, 512, 506 P.2d 1120 (1973), the court stated:

"The second injury fund was created under the provisions of L. 1945, ch. 221, § 3 (now K.S.A. 1972 Supp. 44-568) and is funded by payments from insurance carriers and from legislative appropriations. In *Leiker v. Manor House, Inc.,* 203 Kan. 906, 457 P.2d 107, this court pointed out that the purpose underlying the act creating the fund (K.S.A. 44-566, *et seq.,* as amended) was to encourage the hiring of certain handicapped persons by relieving *the employer* in whole or in part from the payment of compensation benefits in limited situations, which is to say, when injury or death would not have resulted but for preexisting physical impairment, or where injury or death was contributed to by the preexisting impairment. (K.S.A. 1972 Supp. 44-567.) This laudable objective was re-emphasized in *Hardwick v. General Motors Corporation,* 206 Kan. 182, 476 P.2d 244. In both decisions the court pointed out that the burden of proving that disability or death was caused or contributed to by the preexisting handicap or impairment *lies with the employer.*" (Emphasis added.)

We conclude that the holding in *Stanley* makes it clear the liability of the employer is direct, and that, by implication, the liability of the Fund is derivative only. Being derivative, it

follows that no direct action against the Fund can be brought by an employee. Throughout the cases and the statutes, it is stated that it is incumbent on the *employer* to establish liability of the Fund. The employer must prove knowledgeable hiring, and indeed, where a claimant knowingly misrepresents his physical condition to the employer, the employer is credited just as though he possessed the knowledge himself. K.S.A. 1980 Supp. 44-567(*c*).

Furthermore, K.S.A. 1980 Supp. 44-569a provides as follows:

"Whenever in any proceedings on a claim for compensation the workmen's compensation fund is a party respondent and the employer or insurance carrier has either voluntarily or by order of the director, paid disability compensation and/or furnished medical treatment for the injured workman, *such employer* or insurance carrier shall be entitled to *reimbursement* from the workmen's compensation fund of such compensation and/or medical treatment to the extent said fund shall be determined to be liable for such disability compensation and/or medical treatment." (Emphasis added.)

Appellant calls our attention to a number of places in the workmen's compensation act where it is stated that the Fund, under certain circumstances, shall pay certain sums directly to the claimant. We conclude that such statements within the act are procedural as to when and how such payments are to be made, that same do not go to the merits as to who is primarily liable, and do not constitute authority for a claimant to proceed directly against the Fund.

There are cases from other jurisdictions which would support a conclusion that Fund liability is derivative.

*Levi v. Special Indemnity Fund,* 389 P.2d 620 (Okla. 1964), involved a proceeding against the second injury fund alone. The claimant had previously settled with the employer for a disability. After that the claimant sought to change the award under a provision which allows for modification of an award for worsening of a condition. Under the Oklahoma statutory scheme, the employer bears the whole responsibility for worsening of a condition attributable to the last injury alone, and the Fund picks up the apportionment as to disability which resulted from preexisting injury. The court held that claimant could not bring an action solely against the Fund on a motion to reopen the claim on an alleged change of his condition without determining the employer's liability for the amount of change attributable to the last prior award against the employer. The court stated:

"Since it is the employer who, under the law, continues to bear full responsibility for all the legitimate consequences of the last accidental injury standing alone, the extent of disability therefrom presents an issue which must be initially resolved under a claim directed to the employer." 389 P.2d at 621.

Further, the court stated:

"The Fund does not stand as a prime, original or substitute obligor. Rather, its liability is purely derivative, in the sense that it is derived or deduced from the anterior obligation of the employer, upon the extent of which it depends and which it merely supplements. [Citations omitted.] This liability does not attach unless and until the extent of the primary obligation, which is sought to be supplemented, stands judicially established by an award against the employer." 389 P.2d at 622.

The court noted that the claimant was precluded by the previous settlement with the employer from procuring the prerequisite determination of additional primary liability of the employer.

In *White v. Weinberger Builders*, 397 Mich. 23, 242 N.W.2d 427 (1976), the employer and insurance carrier settled with a claimant without adjudication of liability. The second injury fund was held not liable for differential benefits. The court stated that liability of the second injury fund is derivative until the time of award so that the Fund cannot be subjected to a separate independent hearing as to liability for differential payments once the employer's alleged prospective liability has been redeemed via negotiated settlement. 397 Mich. at 30.

*Cabe v. Popham*, 444 S.W.2d 910 (Ky. 1969), involved a settlement between employee, employer, and third-party tort-feasor, whereby employer was released from any further liability to employee under the workmen's compensation award. Said settlement was held to release the special fund from liability to the employer and from liability to the employee for the unpaid balance. Under the statutory scheme in Kentucky, that portion of an award attributable to the special fund should be paid to the employee *by the employer* or employer's carrier initially, which is then reimbursed by the special fund. It is noted that the employee received a sum from the tort-feasor in excess of the unpaid balance of the award. An employer is entitled by statute to reimbursement by a third-party tort-feasor if said tort-feasor is held liable for any indemnity paid or payable to the employee. Contra, *Grant v. Neal*, 381 S.W.2d 838 (Mo. 1964).

We conclude that the Fund's liability is derivative from that of the employer, and that no action can be maintained directly

against the Fund by an employee. It follows that where, as here, a complete settlement has been reached between claimant and his employer, and where such settlement has been approved by the director and the district court, claimant is precluded from any further action against the Fund.

Affirmed.