(696 P 2d 415)
No. 57,143

SALETA M. NUTTLE, *Claimant/Appellant*, v. CERTAINTEED CORPORATION, *Self-Insured Respondent,* and WORKERS' COMPENSATION FUND, *Appellee.*

Opinion filed February 28, 1985.

*Michael T. Mills*, of Michael T. Mills, Chartered, of McPherson, for appellant.

*William H. Seiler, Jr.*, of Bremyer & Wise, P.A., of McPherson, for appellee CertainTeed Corporation.

*David G. Shriver*, of Johnson, Shriver & Kinzel, of McPherson, for appellee Workers' Compensation Fund.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: This is a workers' compensation appeal by the claimant, Saleta Nuttle, from a judgment denying her application for a civil penalty pursuant to K.S.A. 44-512a against the self-insured respondent, CertainTeed Corporation, and the Workers' Compensation Fund.

The dispositive facts are not disputed nor is the amount of the award in dispute. The Kansas Workers' Compensation Fund (Fund) was ordered to pay all compensation and medical expenses of the claimant. An award was then made "[i]n favor of the claimant, Saleta M. Nuttle, and against the respondent, Certain-Teed Corporation, a self-insured, and the Kansas Workers'. Compensation Fund." (Emphasis supplied.)

The Fund failed to make timely payments to claimant and she filed two separate written demands for payment on the respondent and the Fund pursuant to 44-512a. Payments were not made in full and claimant requested civil penalties and attorney fees as provided by 44-512a. The administrative law judge, the director and the trial judge all denied the application for civil penalties and attorney fees. The claimant appeals.

The claimant contends that the respondent, as the employer, has the primary obligation to an injured employee. She argues that the Fund's liability is derivative to that of the employer. The claimant cites and relies on *Arduser v. Daniel International Corp.*, 7 Kan. App. 2d 225, 640 P.2d 329, *rev. denied* 231 Kan. 799 (1982), for support. Moreover, claimant notes the language used in the award. The district court made the award against both the respondent and the Fund. Claimant argues that the part of the judgment directing all payment be made by the Fund is merely a procedural matter and does not relieve respondent from liability for the award. Under claimant's reasoning, then, respondent can be held liable for civil penalty under 44-512a because respondent was the "employer liable for compensation" and did not pay compensation when due.

*Arduser* is distinguishable on its facts and is not controlling in the instant case. It was noted in *Arduser* that an employer is liable for the full amount of an award *unless* he can shift the loss. 7 Kan. App. 2d at 230. *Arduser* merely holds that you cannot proceed directly against the Fund—you must first establish that the employer is responsible under the act. We are dealing with post-judgment responsibility in this case, and we believe legis-

lative intent in K.S.A. 1984 Supp. 44-569(c) is readily ascertainable.

The underlying purpose of K.S.A. 1984 Supp. 44-567 is to encourage employment of handicapped workers. The incentive provided to employers is the relief, in whole or in part, from payment of compensation benefits when the handicapped employee is injured in certain situations. *Stanley v. A & A Iron Works*, 211 Kan. 510, 512, 506 P.2d 1120 (1973); *Morgan v. Inter-Collegiate Press*, 4 Kan. App. 2d 319, 606 P.2d 479 (1980). Provided an employer can satisfy its burden of proof and procedural requisites under K.S.A. 1984 Supp. 44-567(b) and (d), respectively, the employer effectively shifts liability to the Fund. In short, an employer's liability for an award entered pursuant to K.S.A. 1984 Supp. 44-567(a)(A) is secondary to the Fund's liability. Thus, we hold that the Fund was liable for payment of the compensation award while respondent's liability was only secondary.

K.S.A. 1984 Supp. 44-569(c) authorizes reimbursement by the Fund to an employer who has had to pay compensation because the Fund had insufficient funds to make payments for which it was liable. Under K.S.A. 1984 Supp. 44-569(c) the employer becomes liable for the payment of a compensation award upon receiving notice that the Fund has insufficient funds. In the instant case, the respondent received no written notice that the Fund had insufficient funds to satisfy the award. The claimant argues that the Fund's failure to comply with the notice requirement is irrelevant to respondent's liability for the award; the employer has the primary obligation for a compensation award and 1984 Supp. 44-569(c) does not change this liability.

Our reading of K.S.A. 1984 Supp. 44-569(c) supports our previous conclusion that the employer is only secondarily liable after judgment is entered against the Fund. The statute in dispute provides that the employer *"shall assume and become liable* for the payment of compensation" upon receiving notice of insufficient funds. This language would be meaningless if the employer were already primarily liable for the award. Moreover, the notice requirement would be unnecessary if the employer were already primarily liable for the award. By implication, then, the reimbursement statute contemplates that the employer was not primarily liable for payment of the award in the first instance.

We conclude that the legislature intended K.S.A. 1984 Supp. 44-569(c) to allow the Fund to shift an employer's obligation for an award from one of secondary liability to one of primary liability. Written notice by the Commissioner of Insurance that there are insufficient funds with which to pay the award is a prerequisite to imposing primary liability on the employer. In the absence of such notice, the employer does not "become liable" for payment.

The Fund may not be assessed a penalty. *Hall v. City of Hugoton*, 2 Kan. App. 2d 728, 587 P.2d 927 (1978).

The claimant has not satisfied the statutory penalty requirement that "the employer is liable for the compensation awarded" because the insurance commmissioner admittedly did not notify the employer that the Fund had insufficient funds with which to pay the award as is required by K.S.A. 1984 Supp. 44-569(c). Thus, the trial judge did not err in denying civil penalties against the self-insured respondent and the Workers' Compensation Fund.

Affirmed.