(880 P.2d 796)
No. 70,060

HAROLD K. BRANDT, *Appellant*, v. KANSAS WORKERS COMPENSATION FUND, *Appellee*.
Petition for review denied 256 Kan. _____ (December 20, 1994).

Opinion filed September 9, 1994.

*John M. Ostrowski*, of McCullough, Wareheim & LaBunker, of Topeka, for the appellant.

*C. Stanley Nelson*, of Hampton, Royce, Engleman & Nelson, of Salina, for the appellee.

Before BRISCOE, C.J., LARSON, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

BRISCOE, C.J.: Harold K. Brandt appeals the denial of his application for review and modification of his workers compensation award under K.S.A. 1992 Supp. 44-528. Brandt contends he can proceed directly against the Workers Compensation Fund in a proceeding to review and modify his original award after having settled with his employer. He argues that he seeks only to increase the amount owed by the Fund, not to adjust the Fund's previously determined percentage of liability under K.S.A. 1992 Supp. 44-567. The issue Brandt presents is an issue of first impression. We affirm.

After a work-related injury in 1982, Brandt was awarded compensation for permanent partial disability under the Workers Compensation Act (K.S.A. 44-501 *et seq.* [Ensley]). Brandt's employer, Bell Motor Company (Bell), impleaded the Fund pursuant to 44-567, and the Fund was apportioned 80 percent of the liability.

In March 1990, Brandt applied for review and modification of the award under 44-528, alleging increased disability. He named both Bell and the Fund in his application for review and modification. Brandt sought modification of the original award to reflect a permanent total disability. In 1991, Brandt settled his claim with Bell and its insurance carrier and then proceeded solely against the Fund. The Administrative Law Judge (ALJ) denied Brandt's application for modification, ruling that the Fund's liability was derived from the employer's liability and that Brandt could not proceed directly against the Fund after having settled with Bell. The Workers Compensation Director and the district court affirmed the ALJ's decision.

As Brandt raises a question of law, this court may substitute its judgment for that of the district court. See *Reeves v. Equipment Service Industries, Inc.*, 245 Kan. 165, 173, 777 P.2d 765 (1989). Key to our resolution of the question presented is our interpretation of two statutes: 44-567, which allows an employer to shift responsibility for workers compensation to the Fund if a handicapped employee is injured; and 44-528, which provides for

the review and modification of prior workers compensation awards.

## NATURE OF THE FUND'S LIABILITY
## UNDER K.S.A. 1992 SUPP. 44-567

K.S.A. 1992 Supp. 44-567(a) provides that an employer who knowingly employs a handicapped employee "shall be relieved of liability for compensation awarded or be entitled to an apportionment of the costs thereof" when the Director finds that the employee's preexisting impairment caused or contributed to the employee's injury or disability. The compensation attributable to the preexisting impairment "shall be paid from the workers' compensation fund." K.S.A. 1992 Supp. 44-567(a)(1). Under subsection (d) of the statute, however, to be relieved of liability or be entitled to an apportionment, the employer must implead the Fund "prior to the first full hearing" in any proceedings to determine the compensation to be awarded.

Under 44-567, the employer's liability is direct; the liability of the Fund is derivative of the employer's. Accordingly, an employee cannot seek an original award of compensation directly from the Fund after settling with the employer and its insurance carrier. *Arduser v. Daniel International Corp.*, 7 Kan. App. 2d 225, Syl. ¶ 3, 640 P.2d 329, *rev. denied* 231 Kan. 799 (1982). However, once liability is apportioned under 44-567, the Fund bears primary liability for the percentage of the award attributable to the employee's preexisting impairment. See *Nuttle v. CertainTeed Corp.*, 10 Kan. App. 2d 225, 696 P.2d 415 (1985).

*Arduser* and *Nuttle* establish that until an employer proves the percentage of the award for which the Fund is responsible under 44-567 and otherwise complies with that statute's provisions, the employer is primarily liable, and any liability of the Fund is purely derivative. Only when the employer complies with 44-567 does the Fund's derivative liability become primary liability for that percentage of the award for which the Fund is allocated responsibility.

## SCOPE OF MODIFICATION UNDER
## K.S.A. 1992 SUPP. 44-528

Whether the employer was a necessary party to the modification proceeding depends on the scope of 44-528. Because the

Fund is directly liable for its 80 percent share of the disability as it existed at the time of the original hearing and award, the employee could proceed against the Fund alone if the original allocation of liability is not subject to modification by Brandt's request for modification under 44-528. If the original allocation of liability is subject to modification, however, the employee could not proceed against the Fund alone because the Fund's liability for Brandt's increased disability would be derivative of the employer's liability under 44-567.

K.S.A. 1992 Supp. 44-528(a) provides in part:

"The director shall hear all competent evidence offered and if the director finds that the award has been obtained by fraud or undue influence, that the award was made without authority or as a result of serious misconduct, that the award is excessive or inadequate or that the functional impairment or work disability of the employee has increased or diminished, *the director may modify such award, or reinstate a prior award, upon such terms as may be just, by increasing or diminishing the compensation subject to the limitations provided in the workers compensation act.*" (Emphasis added.)

K.S.A. 1992 Supp. 44-528 permits modification of awards "in order to conform to changed conditions." *Brewington v. Western Union,* 163 Kan. 534, 538, 183 P.2d 872 (1947). In *Hayes v. Garvey Drilling Co.,* 188 Kan. 179, 181, 360 P.2d 889 (1961), the court explained that the statute was intended to permit modification of awards when the condition of an injured employee improves or worsens after the hearing and award. An award of compensation under 44-528 is a "new award." *Brown v. Goodyear Tire & Rubber Co.,* 211 Kan. 742, 744, 508 P.2d 492 (1973).

However, in the absence of fraud, misconduct, or lack of authority, 44-528 does not permit relitigation of past facts relating to liability. See *Randall v. Pepsi-Cola Bottling Co., Inc.,* 212 Kan. 392, 396, 510 P.2d 1190 (1973); *Smith v. Jones,* 185 Kan. 505, 508, 345 P.2d 640 (1959). Res judicata bars relitigation of issues such as causation that are based on past facts. See *Randall,* 212 Kan. at 396. 3 Larson, The Law of Workmen's Compensation § 81.32(a) (1993) explains:

"In a change-of-condition reopening proceeding, the issue before the Board is sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based. If the original award held that there was no connection between the accident and claimant's permanent disability, there is nothing to reopen, and claimant cannot retry

the issue of work-connection through the device of a reopening petition. Conversely, when the employee reopens to show increased disability, the insurance carrier cannot raise the basic issue of liability. In short, no matter who brings the reopening proceeding, neither party can raise original issues such as work-connection, employee or employer status, occurrence of a compensable accident, and degree of disability at the time of the first award."

The employer's knowledge of the employee's preexisting impairment and the allocation of liability between an employer and the Fund for the disability as it existed at the time of the original hearing may be original issues based on past facts that cannot be relitigated under 44-528. However, allocation of liability for a post-award change in the employee's disability is not an original issue based on past facts. The preexisting impairment and the work-related injury could contribute to the post-award change in the disability in different proportions than they contributed to the disability as it existed at the time of the original hearing and award.

The example contained in the Fund's brief is a good illustration. An original award to a worker with a preexisting back impairment who sustains back and neck injuries in a work-related accident would be apportioned between the employer and the Fund. If the neck condition alone worsened, the Fund could not be liable for the increased disability because only the back condition could be attributed to the preexisting impairment. Even if both conditions worsened and the percentage apportionment on modification was to be the same as in the original award, the apportionment would be based on new facts relating to the post-award change in condition. The same would be true if, for example, there was only a single back injury attributed equally to a preexisting condition and a work-related accident. A post-award increase in disability could be attributable to the preexisting condition and the work-related accident in different proportions, depending on the evidence of causation. Again, even if the percentage apportionment was the same, it would be based on new facts.

Thus, in seeking modification of an original award apportioned between the Fund and the employer, an employee is seeking a new award. See *Brown*, 211 Kan. at 744. Any apportionment of liability to the Fund for an increase or decrease in the employee's

disability would be based on new facts and must be made again as part of the new award. Because the Fund's liability is merely derivative of the employer's until liability is apportioned under 44-567, the Fund can have no liability for any portion of the new award unless the requirements of 44-567 are fulfilled. The employer is a necessary party to an apportionment of liability under 44-567. Having settled with the employer on the request for modification, Brandt is precluded from taking any further action against the Fund. See *Arduser*, 7 Kan. App. 2d at 234.

Affirmed.