(929 P.2d 788)

No. 74,925

LINETTE J. GARRISON, *Appellee,* v. BEECH AIRCRAFT
CORPORATION, Self-Insured, *Appellant.*

Opinion filed December 20, 1996.

*Terry J. Torline,* of Martin, Pringle, Oliver, Wallace & Swartz, of Wichita, for appellant.

*Robert R. Lee,* of Wilson, Lee & Gurney, of Wichita, for appellee.

Before GREEN, P.J., KNUDSON, J., and ERIC S. ROSEN, District Judge, assigned.

GREEN, J.: This is a workers compensation case. The hearing officer found that the claimant, Linette J. Garrison, had a 14 percent general bodily disability. Because she continued to earn the same wage, the hearing officer found that she had no work disa-

bility (K.S.A. 1991 Supp. 44-510e[a]). Although Garrison did not appeal this finding, she later filed for review and modification of the award. The hearing officer then modified the award to reflect a partial work disability of 16 percent. Next, Garrison petitioned the Workers Compensation Board (Board) for review of the findings from the review and modification. The Board found that Garrison had sustained a 40 percent work disability. Her employer, Beech Aircraft Corporation, appeals.

The facts of this case are not in dispute. Garrison worked for Beech from September 1978 to February 1994. Garrison developed problems in her wrists and hands beginning in 1991. On February 24, 1994, the Administrative Law Judge (ALJ) granted Garrison workers compensation benefits based upon a 14 percent functional impairment to the body for work-related injuries to the upper extremities. In that award, the ALJ specifically found that Garrison was not entitled to work disability because she continued to work for Beech in a new position which accommodated her work restrictions and paid a comparable wage

Garrison terminated her employment with Beech in April 1994 and filed a request to review and modify the award. On October 12, 1994, the ALJ modified the initial award to reflect that Garrison was entitled to a 16 percent "partial work disability."

The Board later found that the ALJ's award should be modified. The Board found that the new position provided by Beech for Garrison in February 1994 was inappropriate and did not accommodate Garrison's work restrictions. The Board, therefore, found that the presumption of no work disability contained in K.S.A. 1991 Supp. 44-510e was overcome. The Board ruled that Garrison was entitled to a 40 percent permanent partial general disability.

Beech argues that the Board acted improperly in modifying Garrison's award. Specifically, Beech contends that an award may only be modified where the claimant's disability has improved or worsened, necessitating review and adjustment. On the other hand, Garrison argues that there were substantial changes in her circumstances which mandated review and modification of the ALJ's award. She claims that the most significant change was her new

position in February 1994 which exacerbated her injury, causing her to resign.

Review of the Board's decision is now by the appellate courts in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* See K.S.A. 44-556.

Under K.S.A. 77-621 of the Act, appellate review is explicitly limited to questions of law. See *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 277, 899 P.2d 1058 (1995). K.S.A. 77-621 states, in relevant part:

"(c) The court shall grant relief only if it determines any one or more of the following:

. . . .

"(4) the agency has erroneously interpreted or applied the law;

. . . .

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole . . . ; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

Beech contends that the Board did not have jurisdiction to determine that Garrison had a work disability because when Garrison failed to appeal the hearing officer's finding of no work disability, this issue became res judicata. Therefore, we must determine whether the hearing officer's finding that the claimant had no work disability (K.S.A. 1991 Supp. 44-510e[a]) is subject to review and modification under K.S.A. 1991 Supp. 44-528. Whether the Board acted within or exceeded the authority granted in K.S.A. 1991 Supp. 44-528 is a question of statutory interpretation specifically contemplated in K.S.A. 77-621(c)(4).

Beech argues that the Board's finding that the new position which Beech provided for Garrison was inappropriate and did not accommodate her work restrictions (30 minutes on and 30 minutes off the computer) as well as the Board's subsequent finding that Garrison had overcome the presumption of no work disability contained in K.S.A. 1991 Supp. 44-510e is violative of the doctrine of res judicata. Essentially, Beech argues that the ALJ made final findings regarding issues that were not subject to relitigation by the Board. This argument is premised upon Beech's contention

that the facts presented to the Board were the same as those presented to the ALJ. In its brief, Beech states:

"[T]he Appeals Board erroneously determined that the claimant had overcome the presumption, *utilizing the very same facts concerning claimant's condition and restrictions that were presented, considered and rejected by Judge Krysl when she issued the original award.* In essence, the Appeals Board chose to relitigate the work restriction and work disability issues on review and modification, despite the fact that nothing had changed with respect to claimant's condition."

For support Beech cites *Randall v. Pepsi-Cola Bottling Co., Inc.*, 212 Kan. 392, 510 P.2d 1190 (1973). In *Randall*, the claimant sustained injury to her arm. At the hearing on her workers compensation claim, Randall offered evidence of emotional injury as well. The examiner awarded compensation for the partial loss of use of Randall's arm but determined Randall's neurosis had not been caused by the job. Randall filed for review and modification of the award. The Director concluded that he did not have jurisdiction to hear the application for review because the examiner specifically rejected a finding that the neurosis was caused by work. This finding was upheld by the trial court who also ruled that Randall's claims with regard to neurosis could not be considered upon review and was barred by the doctrine of res judicata. In agreeing with the Director and the trial court, our Supreme Court stated:

"Where a finding by the district court that claimant's neurotic condition was not a natural consequence of her injury while employed by the respondent becomes final for want of an appeal from the decision thereon, the doctrine of *res judicata* applies and the claimant is foreclosed from seeking a director's review and modification under K.S.A. 1969 Supp. 44-528 on the issue of causation. Such finding on the issue of causation is a finding of a past fact which existed at the time of the original hearing. A change in the claimant's condition of neuroses subsequent to the original hearing will in no way affect a finding that the claimant's condition of neuroses was not the result of the injury claimant sustained on the job." 212 Kan. at 396.

However, the *Randall* court limited its holding as follows: "This is not necessarily true of findings relating to the extent of claimant's disability. The extent of a claimant's disability resulting from an accidental injury, where the causal connection is established, at any given time must be based on evidence of the claimant's condition at that particular time." 212 Kan. at 396-97.

Here, the Board had evidence concerning Garrison's position as a schedule compliance clerk and its effect upon her condition. Garrison began the schedule compliance position in February 1994. The ALJ rendered her initial award February 24, 1994. Both Garrison and Beech filed submission letters in February 1994. Beech had a terminal date of February 3, 1994. Because the ALJ emphatically stated that she would not consider evidence submitted after the terminal dates, the ALJ did not consider Garrison's schedule compliance position or its affect upon Garrison's injury before rendering her initial award. In its findings of fact, the Board stated:

"Because of a brain tumor, claimant temporarily left work in November 1993. After recuperating from brain surgery claimant returned to work for respondent in *February 1994 and was assigned to the position of schedule compliance. In this* position, claimant used a computer to determine shortages of parts and then telephoned suppliers to expedite the delivery of needed items. Although claimant spent approximately one-half of her time on the telephone, *the job also required significant use of the computer keyboard which aggravated her overuse symptoms.* Claimant testified her symptoms increased while performing this job and that she advised her supervisor and respondent's first aid department that she could not perform the job without violating her medical restrictions. Claimant also advised her group manager of her physical problems and was told no other jobs were available. Because of the increased symptomatology in her upper extremities, in April 1994 claimant gave respondent two (2) weeks notice of her termination."

Because the Board necessarily considered evidence of Garrison's position and the exacerbation of Garrison's injury that took place *after* the initial award, *Randall* is distinguishable. The Board's determination that the schedule compliance position was not appropriate and did not accommodate Garrison's work restrictions was based upon new evidence which was not presented to the ALJ.

Moreover, K.S.A. 1991 Supp. 44-528 specifically provides for review where there is a change in the claimant's "work disability." "Work disability is: (a) The extent to which the ability of the employee to perform work in the open labor market has been reduced, and, (b) the extent to which the ability of the worker to earn comparable wages has been reduced." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 417, 799 P.2d 1011 (1990). Therefore, the Board's findings with regard to Garrison's ability to earn a comparable wage are precisely those contemplated by the statute.

Beech next argues that review and modification of an award are improper unless the claimant's medical condition is changed. Beech maintains that "[i]n a workers compensation review and modification proceeding, the issue before the court 'is sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based.' *Brandt [v. Kansas Workers Compensation Fund]*, 19 Kan. App. 2d [1098,] 1101, [880 P.2d 796, *rev. denied* 256 Kan. 994 (1994),] citing to 3 Larson, The Law of Workmen's Compensation § 81-32(a) (1993)."

In *Brandt*, on which Beech heavily relies, this court held that a worker who has a preexisting injury and has settled with his employer may not seek review and modification of his award with regard to the Workers Compensation Fund alone. The *Brandt* court reasoned that the Fund's liability, which is a percentage of the employer's liability, is necessarily predicated upon findings regarding the employer's liability. Therefore, where the employer can have no new or increased liability due to settlement, the Fund, likewise, cannot sustain new or increased liability. Although the *Brandt* court commented upon the propriety of issues raised for review and modification, it did not address the issue before this court. Therefore, Beech's reliance upon *Brandt* is misplaced.

Moreover, this court has expressly stated that "K.S.A. 1991 Supp. 44-528(a) does not require that the disability of the worker change for an award to be modified." *Redgate v. City of Wichita*, 17 Kan. App. 2d 253, 263, 836 P.2d 1205 (1992). Garrison's brief emphasizes that 44-528(a) uses the disjunctive "or" and provides for modification under several circumstances. The relevant portions of K.S.A. 1991 Supp. 44-528(a) provide:

"Any award or modification thereof agreed upon by the parties, except lump-sum settlements approved by the director or administrative law judge, whether the award provides for compensation into the future or whether it does not, may be reviewed by the director for good cause shown upon the application of the employee, employer, dependent, insurance carrier or any other interested party. . . . [I]f the director *finds that the award . . . is excessive* **or** *inadequate* **or** *that the functional impairment* **or** *work disability of the employee has increased or diminished, the director may modify such award, . . . upon such terms as may be just, by increasing or diminishing the compensation subject to the limitations provided in the workers compensation act.*" (Emphasis added.)

See also *Morris v. Kansas City Bd. of Public Util.*, 3 Kan. App. 2d 527, 531-32, 598 P.2d 544 (1979) (where there was a specific finding that claimant's disability was no different at the time of hearing on request for modification and review than at the time of the original order, court found that disjunctive language of K.S.A. 1978 Supp. 44-528[a] refuted employer's contention that the statute could support modification of award only when there was a finding that the disability of the workman had changed).

Finally, Beech's argument that review and modification are improper in this case is problematic as Beech argued in its submission letter that Garrison was protected by the review and modification statute. Beech argued:

"Claimant is also protected from any potential work disability by K.S.A. 44-528, the review and modification statute. . . .

 . . . .

"Claimant does not presently have a work disability since she is still working at Beech earning a higher wage. If the claimant is forced to leave her employment at Beech at some point in the future, the claimant may then file an application for review and modification and be awarded compensation for an actual work disability."

Consequently, Beech's argument that the Board erred in applying K.S.A. 1991 Supp. 44-510e must fail.

Affirmed.